**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

REALTIME DATA, LLC D/B/A/ IXO,

       *Plaintiff,*

      v.

PACKETEER, INC.,
CITRIX SYSTEMS, INC.,
EXPAND NETWORKS, INC.,
F5 NETWORKS, INC.,
7-ELEVEN, INC.,
ABM INDUSTRIES, INC.,
ABM JANITORIAL SERVICES –
    SOUTH CENTRAL, INC.,
AVERITT EXPRESS, INC.,
BUILD-A-BEAR WORKSHOP, INC.,
DHL EXPRESS (USA), INC.,
INTERSTATE BATTERY SYSTEM OF
    AMERICA, INC., AND
O'REILLY AUTOMOTIVE, INC.

      *Defendants.*

Civil Action No. 6:08-cv-144

**<u>JURY TRIAL DEMANDED</u>**

**<u>COMPLAINT</u>**

      Plaintiff Realtime Data, LLC ("Realtime Data") for its Complaint herein against defendants Packeteer, Inc., Citrix Systems, Inc., Expand Networks, Inc., F5 Networks, Inc., 7-Eleven, Inc., ABM Industries, Inc., ABM Janitorial Services – South Central, Inc., Averitt Express, Inc., Build-A-Bear Workshop, Inc., DHL Express (USA), Inc., Interstate Battery System of America, Inc., and O'Reilly Automotive, Inc., avers as follows:

**<u>THE PARTIES</u>**

      1.    Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized and existing under the laws of the State of New York with a principal place

of business at 15 West 36th Street, New York, New York, 10018.  In the course of its business, Realtime Data developed many methods of compression-based data acceleration.  Realtime Data incorporated those methods into software and hardware based data acceleration products.  These products included various hardware data accelerators ranging from expansion cards to rack-mounted storage servers.  In this regard, Realtime Data has worked with some of the largest technology companies in the world, including the development of custom solutions for major financial institutions.

## MANUFACTURERS

2.      Upon information and belief, Packeteer, Inc. ("Packeteer") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 10201 North De Anza Boulevard, Cupertino, California 95014.  Packeteer is registered to do business in the State of Texas and has at least one location within Texas.  On information and belief, Packeteer provides data acceleration products and services, which it manufactured, designed, produced, sold and/or offered for sale, throughout the State of Texas including within the Eastern District of Texas.  Packeteer is qualified to do business in the State of Texas and may be served via its registered agent at National Registered Agents, Inc., 16055 Space Center Suite 235, Houston, TX 77062.

3.      Upon information and belief, defendant Citrix Systems, Inc. ("Citrix") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida 33309.  Citrix is registered to do business in the State of Texas, and has at least two locations within Texas.  On information and belief, Citrix provides data acceleration products and services, which it manufactured, designed, produced, sold and/or offered for sale, throughout the State of Texas

– 2 –

including within the Eastern District of Texas.  Citrix is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

4.     Upon information and belief, defendant Expand Networks, Inc. ("Expand") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 103 Eisenhower Parkway, Roseland, New Jersey 07068.  Expand is registered to do business in the State of Texas.  On information and belief, Expand provides data acceleration products and services, which it manufactured, designed, produced, sold and/or offered for sale, throughout the State of Texas including within the Eastern District of Texas. Expand is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

5.     Upon information and belief, defendant F5 Networks, Inc. ("F5") is a corporation organized and existing under the laws of the State of Washington with a principal place of business at 401 Elliott Avenue West, Seattle, Washington 98119.  F5 is registered to do business in the State of Texas, and has at least one location within Texas.  On information and belief, F5 provides data acceleration products and services, which it manufactured, designed, produced, sold and/or offered for sale, throughout the State of Texas including within the Eastern District of Texas.  F5 is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

## MANUFACTURERS' CUSTOMERS

6.     Upon information and belief, defendant 7-Eleven, Inc. ("7-Eleven") is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 1722 Routh Street, Suite 1000, Dallas, Texas 75201.  7-Eleven is registered to do

{A12\7982\0001\W0364034.2 }

business in the State of Texas, and operates multiple stores within the Eastern District of Texas.

On information and belief, 7-Eleven is a customer of Packeteer who has purchased and/or leased

data acceleration products and services from Packeteer which have been used by and/or on

behalf of 7-Eleven throughout the State of Texas including within the Eastern District of Texas.

7-Eleven is qualified to do business in the State of Texas and may be served via its registered

agent at Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, TX

78701.

       7.    Upon information and belief, defendant ABM Industries Incorporated

("ABM Industries") is a corporation organized and existing under the laws of the State of

Delaware with a principal place of business at 551 Fifth Avenue, Suite 300, New York, New

York.   ABM Industries is registered to do business in the State of Texas.   Upon further

information and belief, ABM Industries has locations throughout the State of Texas, and

provides Janitorial Services within the Eastern District of Texas.   Also upon information and

belief, ABM Industries sends accelerated data to and receives accelerated data from ABM

Janitorial Services – South Central, Inc., including at least two locations within the Eastern

District of Texas.   On information and belief, ABM Industries is a customer of Packeteer and

Citrix who has purchased and/or leased data acceleration products and services from Packeteer

and Citrix which have been used by and/or on behalf of ABM Industries throughout the State of

Texas including within the Eastern District of Texas.  ABM Industries is qualified to do business

in the State of Texas and may be served via its registered agent at CT Corporation System, 350

N. St. Paul Street, Dallas, TX 75201.

       8.    Upon information and belief, defendant ABM Janitorial Services – South

Central, Inc. ("ABM Janitorial Services") is a corporation organized and existing under the laws

of the State of California with a principal place of business at 160 Pacific Avenue, Suite 222, San Fransisco, California 94111.  ABM Janitorial Services is registered to do business in the State of Texas, and has multiple locations throughout Texas, including at least two locations within the Eastern District of Texas.  On information and belief, ABM Janitorial Services is a customer of Packeteer and Citrix who has purchased and/or leased data acceleration products and services from Packeteer and Citrix which have been used by and/or on behalf of ABM Janitorial Services throughout the State of Texas including within the Eastern District of Texas.  ABM Janitorial Services is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

9.     Upon information and belief, defendant Averitt Express, Inc. ("Averitt") is a corporation organized and existing under the laws of the State of Tennessee with a principal place of business at 1415 Neal Street, Cookeville, Tennessee 38502.  Averitt is registered to do business in the State of Texas and has multiple locations within Texas at least one of which is in the Eastern District of Texas. On information and belief, Averitt is a customer of at F5 who has purchased and/or leased data acceleration products and services from F5 which have been used by and/or on behalf of Averitt throughout the State of Texas including within the Eastern District of Texas.  F5 is qualified to do business in the State of Texas and may be served via its registered agent at National Registered Agents, Inc., 16055 Space Center Suite 235, Houston, TX 77062.

10.     Upon information and belief, defendant Build-A-Bear Workshop, Inc. ("Build-A-Bear") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1954 Innerbelt Business Center Drive, St. Louis, Missouri 63114.  Build-A-Bear is registered to do business in the State of Texas, and has over twenty locations within Texas, including at least one of which is in the Eastern District of Texas.  On

– 5 –

information and belief, Build-A-Bear is a customer of Packeteer who has purchased and/or leased data acceleration products and services from Packeteer which have been used by and/or on behalf of Build-A-Bear throughout the State of Texas including within the Eastern District of Texas.  Build-A-Bear is qualified to do business in the State of Texas and may be served via its registered agent at Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, TX 78701.

11.     Upon information and belief, defendant DHL Express (USA), Inc. ("DHL") is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 1200 South Pine Island Road, Suite 600, Plantation, Florida 33324. DHL is registered to do business in the State of Texas, and has multiple staffed facilities, authorized shipping centers, and drop-off locations within the Eastern District of Texas.  On information and belief, DHL is a customer of Packeteer and Citrix who has purchased and/or leased data acceleration products and services from Packeteer and Citrix which have been used by and/or on behalf of DHL throughout the State of Texas including within the Eastern District of Texas.  DHL is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

12.     Upon information and belief, defendant Interstate Battery System of America, Inc. ("Interstate") is a corporation organized and existing under the laws of Texas with a principal place of business at 12770 Merit Drive, Suite 400, Dallas, Texas 75251.  Interstate is registered to do business in the State of Texas and has multiple retail stores within the Eastern District of Texas.  On information and belief, Interstate is a customer of Expand who has purchased and/or leased data acceleration products and services from Expand which have been used by and/or on behalf of Interstate throughout the State of Texas including within the Eastern

– 6 –

District of Texas.  Expand is qualified to do business in the State of Texas and may be served via

its registered agent at Walter C. Holmes III, 12770 Merit Drive, Suite 400, Dallas, Texas 75251.

13.     Upon information and belief, defendant O'Reilly Automotive, Inc.

("O'Reilly") is a corporation organized and existing under the laws of Missouri with a principal

place of business at 233 South Patterson, Springfield, Missouri 65802.  O'Reilly is registered to

do business in the State of Texas and has multiple retail stores within the Eastern District of

Texas.  On information and belief, O'Reilly is a customer of Expand who has purchased and/or

leased data acceleration products and services from Expand which have been used by and/or on

behalf of O'Reilly throughout the State of Texas including within the Eastern District of Texas.

O'Reilly is qualified to do business in the State of Texas and may be served via its registered

agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

## JURISDICTION AND VENUE

14.     This is an action for patent infringement arising under the Patent Laws of

the United States, United States Code, Title 35.

15.     This Court has jurisdiction over the subject matter of this action under

Title 28, United States Code, §§ 1331 and 1338(a).

16.     On information and belief, venue in this Judicial District is proper under

Title 28, United States Code, §§ 1391(b), (c), (d) and 1400(b) because Defendants have regularly

conducted business in this judicial district, and certain of the acts complained of herein occurred

in this judicial district.

## FACTS

17.     U.S. Patent No. 6,601,104 ("the '104 Patent"), entitled "System and

Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to plaintiff

Realtime Data on July 29, 2003.  A true and correct copy of the '104 Patent is attached as Exhibit A.

18.     U.S. Patent No. 6,604,158 ("the '158 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to plaintiff Realtime Data on August 5, 2003.  A true and correct copy of the '158 Patent is attached as Exhibit B.

19.     U.S. Patent No. 6,624,761 ("the '761 Patent"), entitled "Content Independent Data Compression Method and System," was duly and legally issued to plaintiff Realtime Data on September 23, 2003.  A true and correct copy of the '761 Patent is attached as Exhibit C.

20.     U.S. Patent No. 6,748,457 ("the '457 Patent"), entitled "Data Storewidth Accelerator," was duly and legally issued to plaintiff Realtime Data on June 8, 2004.  A true and correct copy of the '457 Patent is attached as Exhibit D.

21.     U.S. Patent No. 7,161,506 ("the '506 Patent"), entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," was duly and legally issued to plaintiff Realtime Data on January 9, 2007.  A true and correct copy of the '506 Patent is attached as Exhibit E.

22.     U.S. Patent No. 7,321,937 ("the '937 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to plaintiff Realtime Data on January 22, 2008.  A true and correct copy of the '937 Patent is attached as Exhibit F.

23.     U.S. Patent No. 7,352,300 ("the '300 Patent"), entitled "Data Compression Systems and Methods," was duly and legally issued to plaintiff Realtime Data on April 1, 2008. A true and correct copy of the '300 Patent is attached as Exhibit G.

24.     Realtime Data is the owner of the '104, '158, '761, '457, '506, '937 and '300 patents with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the '104, '158, '761, '457, '506, '937 and '300 patents with respect to Defendants.

25.     On information and belief, Defendants 7-Eleven, ABM Industries, ABM Janitorial Services, Build-a-Bear, and DHL ("the Packeteer Customers") have been and are, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer without license or authorization from Realtime Data.

26.     On information and belief, Defendants ABM Industries, ABM Janitorial Services and DHL ("the Citrix Customers") have been and are, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix without license or authorization from Realtime Data.

27.     On information and belief, Defendants Interstate and O'Reilly ("the Expand Customers") have been and are, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand without license or authorization from Realtime Data.

28.     On information and belief, Defendant Averitt ("the F5 Customer") has been and is, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 without license or authorization from Realtime Data.

### <u>COUNT ONE – INFRINGEMENT OF U.S. PATENT 6,601,104</u>

29.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

30.     Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

31.     The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

32.     Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

33.     The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26 above.

34.     Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

35.     The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand as set forth in paragraphs 27 above.

36.     Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

37.     The F5 Customer has infringed and is continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 28 above.

38.     Realtime Data has suffered damages by reason of Defendants' infringement of the '104 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants from continuing such infringement.

## COUNT TWO – INFRINGEMENT OF U.S. PATENT 6,604,158

39.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

40.     Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

41.     The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

42.     Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

43.     The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26 above.

44.     Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

45.     The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data

– 12 –

acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand as set forth in paragraph 27 above.

46.     Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

47.     The F5 Customer has infringed and is continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraphs 28 above.

48.     Realtime Data has suffered damages by reason of Defendants' infringement of the '158 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants from continuing such infringement.

## COUNT THREE – INFRINGEMENT OF U.S. PATENT 6,624,761

49.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

50.     Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

51.     The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more

data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

52.     Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

53.     The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraphs 26 above.

54.     Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

55.     The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand as set forth in paragraphs 27 above.

56.     Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

57.     The F5 Customer has infringed and is continuing to infringe, one or more claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 28, above.

58.     Realtime Data has suffered damages by reason of Defendants' infringement of the '761 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants from continuing such infringement.

## COUNT FOUR – INFRINGEMENT OF U.S. PATENT 6,748,457

59.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

60.     Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '457 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

61.     The F5 Customer has infringed and is continuing to infringe, one or more claims of the '457 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 27 above.

62.     Realtime Data has suffered damages by reason of Defendant F5 and its customer's infringement of the '457 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendant F5 and its customer from continuing such infringement.

– 15 –

## COUNT FIVE – INFRINGEMENT OF U.S. PATENT 7,161,506

63.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

64.     Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '506 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

65.     The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '506 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

66.     Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '506 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

67.     The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '506 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26 above.

68.     Realtime Data has suffered damages by reason of Defendants Packeteer, Citrix and their customers' infringement of the '506 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants Packeteer, Citrix and their customers from continuing such infringement.

## COUNT SIX – INFRINGEMENT OF U.S. PATENT 7,321,937

69.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

70.     Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

71.     The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

72.     Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

73.     The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26 above.

74.     Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

– 17 –

75.     The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by one or more of Expand as set forth in paragraph 27 above.

76.     Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

77.     The F5 Customer has infringed and is continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 28 above.

78.     Realtime Data has suffered damages by reason of Defendants' infringement of the '937 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants from continuing such infringement.

## COUNT SEVEN – INFRINGEMENT OF U.S. PATENT 7,352,300

79.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

80.     Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '300 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

– 18 –

81.     The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '300 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26, above.

82.     Realtime Data has suffered damages by reason of Defendant Citrix and its customer's infringement of the '300 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendant Citrix and its customer from continuing such infringement.

## COUNT EIGHT – WILLFUL INFRINGEMENT

83.     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-82, above.

84.     On information and belief, the infringement of U.S. Patents 6,601,104, 6,604,158, 6,624,761, 6,748,457, and 7,161,506 by Defendants Packeteer, ABM Industries, ABM Janitorial Services, and Build-A-Bear is and has been willful and deliberate.  These defendants have been on notice of one or more Realtime Data patents since at least August 17, 2006.

## PRAYER FOR RELIEF

WHEREFORE, Realtime Data requests a judgment:

A.     That Realtime Data is the owner of all right, title and interest in and to United States Patents Nos. 6,601,104, 6,604,158, 6,624,761, 6,748,457, 7,161,506, 7,321,937, and 7,352,300, together with all rights of recovery under such patents for past and future infringements thereof;

B.     That Packeteer and the Packeteer Customers have infringed United States Patents Nos. 6,601,104,  6,604,158,  6,624,761,  7,161,506,  and 7,321,937;

C.     That Citrix and the Citrix Customers have infringed United States Patents Nos. 6,601,104,  6,604,158,  6,624,761,  7,161,506,  7,321,937, and 7,352,300;

D.     That Expand and the Expand Customers have infringed United States Patents Nos. 6,601,104,  6,604,158,  6,624,761,  7,161,506, 7,321,937, and 7,352,300;

E.     That F5 and the F5 Customer have infringed United States Patents Nos. 6,601,104,  6,604,158,  6,624,761, 6,748,457,  and 7,321,937;

F.     That United States Patents Nos. 6,601,104,    6,604,158,    6,624,761, 6,748,457, 7,161,506, 7,321,937, and 7,352,300 are valid and enforceable in law;

G.     Awarding to Realtime Data its damages caused by Defendants' infringement of United States Patents Nos. 6,601,104,    6,604,158,    6,624,761,    6,748,457, 7,161,506,  7,321,937,  and  7,352,300 including an assessment of pre-judgment and post-judgment interest and costs;

H.     That the infringement by Defendants Packeteer, ABM Industries, ABM Janitorial Services, and Build-A-Bear has been willful, and that said damages be trebled pursuant to 35 U.S.C. § 284;

I.     Entering a permanent injunction against Defendants Packeteer, Citrix, Expand and F5, their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patents Nos. 6,601,104,    6,604,158, 6,624,761,   6,748,457, 7,161,506, 7,321,937, and 7,352,300 (see ¶¶ 29-82 above), including

– 20 –

without limitation from continuing to make, use, sell and/or offer for sale infringing compression-based data acceleration products;

J.      Entering a permanent injunction against Defendants 7-Eleven, Inc., ABM Industries, Inc., ABM Janitorial Services – South Central, Inc., Averitt Express, Inc., Build-A-Bear Workshop, Inc.,  DHL Express (USA), Inc., Interstate Battery System of America, Inc., and O'Reilly Automotive, Inc., their officers, agents, servants, employees, attorneys, all parent and subsidiary corporations and affiliates, their assigns and successors in interest, and those persons in active concert or participation with any of them who receive notice of the injunction, enjoining them from continuing acts of infringement of United States Patents Nos. 6,601,104,  6,604,158, 6,624,761,   6,748,457, 7,161,506, 7,321,937, and 7,352,300 (see ¶¶ 29-82 above), including without limitation from continuing to use infringing compression-based data acceleration products;

K.      That this is an exceptional case and awarding to Realtime Data its costs, expenses and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

L.      Awarding to Realtime Data such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury as to all issues so triable.

Dated: April 18, 2008                          Respectfully submitted,

                                               By:  */s/ John F. Bufe*
                                                    Michael E. Jones
                                                    Texas State Bar No. 10929400
                                                    John F. Bufe
                                                    Texas State Bar No. 03316930
                                                    Potter Minton
                                                    A Professional Corporation
                                                    110 North College
                                                    500 Plaza Tower
                                                    Tyler, Texas 75702
                                                    Telephone: (903) 597-8311
                                                    Facsimile: (903) 593-0846
                                                    Email: mikejones@potterminton.com
                                                           johnbufe@potterminton.com

                                               **Attorneys for Plaintiff**
                                               **REALTIME DATA, LLC**

Of Counsel:

Kenneth B. Herman
Robert W. Morris
Ching-Lee Fukuda
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: kenneth.herman@ropesgray.com

**Attorneys for Plaintiff**
**REALTIME DATA, LLC**