## IN UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

REALTIME DATA, LLC D/B/A IXO,

     Plaintiff,

     v.

PACKETEER, INC.,
CITRIX SYSTEMS, INC.,
EXPAND NETWORKS, INC.,
F5 NETWORKS, INC.,
7-ELEVEN, INC.,
ABM INDUSTRIES, INC.,
ABM JANITORIAL SERVICES –
    SOUTH CENTRAL, INC.,
AVERITT EXPRESS, INC.,
BUILD-A-BEAR WORKSHOP, INC.,
DHL EXPRESS (USA), INC.,
INTERSTATE BATTERY SYSTEM OF
    AMERICA, INC., AND
O'REILLY AUTOMOTIVE, INC.,

     Defendants.

Civil Action No. 6:08-cv-144

**DEMAND FOR JURY TRIAL**

## ANSWER AND COUNTERCLAIMS OF
## DEFENDANT 7-ELEVEN, INC. TO
## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant 7-Eleven, Inc. ("7-Eleven") hereby answers the Complaint for Patent

Infringement ("Complaint") filed by Plaintiff Realtime Data, LLC D/B/A IXO ("Realtime") as

follows:

## INTRODUCTION

COMPLAINT PARAGRAPH 1:

Plaintiff Realtime Data, doing business as IXO, is a limited liability company organized

and existing under the laws of the State of New York with a principal place of business at 15

West 36th Street, New York, New York, 10018.  In the course of its business, Realtime Data

developed many methods of compression-based data acceleration.  Realtime Data incorporated

those methods into software and hardware based data acceleration products.  These products

included various hardware data accelerators ranging from expansion cards to rack-mounted

storage servers.  In this regard, Realtime Data has worked with some of the largest technology

companies in the world, including the development of custom solutions for major financial

institutions.

ANSWER TO COMPLAINT PARAGRAPH 1:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of

paragraph 1 of the Complaint, and on that basis, denies them.

## **MANUFACTURERS**

COMPLAINT PARAGRAPH 2:

      Upon information and belief, Packeteer, Inc. ("Packeteer") is a corporation organized and

existing under the laws of the State of Delaware with a principal place of business at 10201

North De Anza Boulevard, Cupertino, California 95014.  Packeteer is registered to do business

in the State of Texas and has at least one location within Texas.  On information and belief,

Packeteer provides data acceleration products and services, which it manufactured, designed,

produced, sold and/or offered for sale, throughout the State of Texas including within the Eastern

District of Texas.  Packeteer is qualified to do business in the State of Texas and may be served

via its registered agent at National Registered Agents, Inc., 16055 Space Center Suite 235,

Houston, TX 77062.

ANSWER TO COMPLAINT PARAGRAPH 2:

      On information and belief, 7-Eleven believes that Packeteer is a corporation organized

and existing under the laws of the State of Delaware with a principal place of business at 10201

North De Anza Boulevard, Cupertino, California 95014.  On information and belief, 7-Eleven believes Packeteer is qualified to do business in the States of Texas, has at least one location within Texas and sells or offers to sell products in Texas.  7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 2 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 3:

Upon information and belief, defendant Citrix Systems, Inc. ("Citrix") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 851 West Cypress Creek Road, Fort Lauderdale, Florida 33309.  Citrix is registered to do business in the State of Texas, and has at least two locations within Texas.  On information and belief, Citrix provides data acceleration products and services, which it manufactured, designed, produced, sold and/or offered for sale, throughout the State of Texas including within the Eastern District of Texas.  Citrix is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

ANSWER TO COMPLAINT PARAGRAPH 3:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 3 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 4:

Upon information and belief, defendant Expand Networks, Inc. ("Expand") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 103 Eisenhower Parkway, Roseland, New Jersey 07068.  Expand is registered to do business in the State of Texas.  On information and belief, Expand provides data acceleration

products and services, which it manufactured, designed, produced, sold and/or offered for sale, throughout the State of Texas including within the Eastern District of Texas. Expand is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

ANSWER TO COMPLAINT PARAGRAPH 4:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 4 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 5:

Upon information and belief, defendant F5 Networks, Inc. ("F5") is a corporation organized and existing under the laws of the State of Washington with a principal place of business at 401 Elliott Avenue West, Seattle, Washington 98119. F5 is registered to do business in the State of Texas, and has at least one location within Texas. On information and belief, F5 provides data acceleration products and services, which it manufactured, designed, produced, sold and/or offered for sale, throughout the State of Texas including within the Eastern District of Texas. F5 is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

ANSWER TO COMPLAINT PARAGRAPH 5:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 5 of the Complaint, and on that basis, denies them.

**MANUFACTURERS' CUSTOMERS**

COMPLAINT PARAGRAPH 6:

Upon information and belief, defendant 7-Eleven, Inc. ("7-Eleven") is a corporation organized and existing under the laws of the State of Texas with a principal place of business at 1722 Routh Street, Suite 1000, Dallas, Texas 75201. 7-Eleven is registered to do business in the

State of Texas, and operates multiple stores within the Eastern District of Texas. On information and belief, 7-Eleven is a customer of Packeteer who has purchased and/or leased data acceleration products and services from Packeteer which have been used by and/or on behalf of 7-Eleven throughout the State of Texas including within the Eastern District of Texas. 7-Eleven is qualified to do business in the State of Texas and may be served via its registered agent at Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, TX 78701.

ANSWER TO COMPLAINT PARAGRAPH 6:

7-Eleven admits that it has a principal place of business at 1722 Routh Street, Suite 1000, Dallas, Texas 75201. 7-Eleven admits that it is a customer of Packeteer. 7-Eleven admits that it is qualified to do business in the State of Texas and may be served via its registered agent at Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050, Austin, TX 78701. 7-Eleven denies the remaining allegations of paragraph 6.

COMPLAINT PARAGRAPH 7:

Upon information and belief, defendant ABM Industries Incorporated ("ABM Industries") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 551 Fifth Avenue, Suite 300, New York, New York. ABM Industries is registered to do business in the State of Texas. Upon further information and belief, ABM Industries has locations throughout the State of Texas, and provides Janitorial Services within the Eastern District of Texas. Also upon information and belief, ABM Industries sends accelerated data to and receives accelerated data from ABM Janitorial Services - South Central, Inc., including at least two locations within the Eastern District of Texas. On information and belief, ABM Industries is a customer of Packeteer and Citrix who has purchased and/or leased data acceleration products and services from Packeteer and Citrix which have been used by and/or on behalf of ABM Industries throughout the State of Texas including within the Eastern

District of Texas.  ABM Industries is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

ANSWER TO COMPLAINT PARAGRAPH 7:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 7 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 8:

Upon information and belief, defendant ABM Janitorial Services - South Central, Inc. ("ABM Janitorial Services") is a corporation organized and existing under the laws of the State of California with a principal place of business at 160 Pacific Avenue, Suite 222, San Francisco, California 94111.  ABM Janitorial Services is registered to do business in the State of Texas, and has multiple locations throughout Texas, including at least two locations within the Eastern District of Texas.  On information and belief, ABM Janitorial Services is a customer of Packeteer and Citrix who has purchased and/or leased data acceleration products and services from Packeteer and Citrix which have been used by and/or on behalf of ABM Janitorial Services throughout the State of Texas including within the Eastern District of Texas.  ABM Janitorial Services is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

ANSWER TO COMPLAINT PARAGRAPH 8:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 8 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 9:

Upon information and belief, defendant Averitt Express, Inc. ("Averitt") is a corporation

organized and existing under the laws of the State of Tennessee with a principal place of business at 1415 Neal Street, Cookeville, Tennessee 38502.  Averitt is registered to do business in the State of Texas and has multiple locations within Texas at least one of which is in the Eastern District of Texas.  On information and belief, Averitt is a customer of at F5 [sic] who has purchased and/or leased data acceleration products and services from F5 which have been used by and/or on behalf of Averitt throughout the State of Texas including within the Eastern District of Texas.  F5 is qualified to do business in the State of Texas and may be served via its registered agent at National Registered Agents, Inc., 16055 Space Center Suite 235, Houston, TX 77062.

ANSWER TO COMPLAINT PARAGRAPH 9:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 9 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 10:

Upon information and belief, defendant Build-A-Bear Workshop, Inc. ("Build-A-Bear") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1954 Innerbelt Business Center Drive, St. Louis, Missouri 63114.  Build-A-Bear is registered to do business in the State of Texas, and has over twenty locations within Texas, including at least one of which is in the Eastern District of Texas.  On information and belief, Build-A-Bear is a customer of Packeteer who has purchased and/or leased data acceleration products and services from Packeteer which have been used by and/or on behalf of Build-A-Bear throughout the State of Texas including within the Eastern District of Texas. Build-A-Bear is qualified to do business in the State of Texas and may be served via its registered agent at Corporation Service Company d/b/a CSC, 701 Brazos Street, Suite 1050,

Austin, TX 78701.

ANSWER TO COMPLAINT PARAGRAPH 10:

    7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 10 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 11:

    Upon information and belief, defendant DHL Express (USA), Inc. ("DHL") is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 1200 South Pine Island Road, Suite 600, Plantation, Florida 33324.   DHL is registered to do business in the State of Texas, and has multiple staffed facilities, authorized shipping centers, and drop-off locations within the Eastern District of Texas.   On information and belief, DHL is a customer of Packeteer and Citrix who has purchased and/or leased data acceleration products and services from Packeteer and Citrix which have been used by and/or on behalf of DHL throughout the State of Texas including within the Eastern District of Texas. DHL is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

ANSWER TO COMPLAINT PARAGRAPH 11:

    7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 11 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 12:

    Upon information and belief, defendant Interstate Battery System of America, Inc. ("Interstate") is a corporation organized and existing under the laws of Texas with a principal place of business at 12770 Merit Drive, Suite 400, Dallas, Texas 75251.   Interstate is registered to do business in the State of Texas and has. multiple retail stores within the Eastern District of Texas.   On information and belief, Interstate is a customer of Expand who has purchased and/or

leased data acceleration products and services from Expand which have been used by and/or on behalf of Interstate throughout the State of Texas including within the Eastern District of Texas. Expand is qualified to do business in the State of Texas and may be served via its registered agent at Walter C. Holmes III, 12770 Merit Drive, Suite 400, Dallas, Texas 75251.

ANSWER TO COMPLAINT PARAGRAPH 12:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 12 of the Complaint, and on that basis, denies them.

COMPLAINT PARAGRAPH 13:

Upon information and belief, defendant O'Reilly Automotive, Inc. ("O'Reilly") is a corporation organized and existing under the laws of Missouri with a principal place of business at 233 South Patterson, Springfield, Missouri 65802. O'Reilly is registered to do business in the State of Texas and has multiple retail stores within the Eastern District of Texas.  On information and belief, O'Reilly is a customer of Expand who has purchased and/or leased data acceleration products and services from Expand which have been used by and/or on behalf of O'Reilly throughout the State of Texas including within the Eastern District of Texas.  O'Reilly is qualified to do business in the State of Texas and may be served via its registered agent at CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

ANSWER TO COMPLAINT PARAGRAPH 13:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 13 of the Complaint, and on that basis, denies them.

## JURISDICTION AND VENUE

COMPLAINT PARAGRAPH 14:

This is an action for patent infringement arising under the Patent Laws of the United States, United States Code, Title 35.

ANSWER TO COMPLAINT PARAGRAPH 14:

     7-Eleven admits that the action arises under the patent laws of the United States.

COMPLAINT PARAGRAPH 15:

     This Court has jurisdiction over the subject matter of this action under Title 28, United States Code, §§ 1331 and 1338(a).

ANSWER TO COMPLAINT PARAGRAPH 15:

     7-Eleven admits that based on the allegations in this complaint, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), but specifically denies any wrongdoing or infringement.

COMPLAINT PARAGRAPH 16:

     On information and belief, venue in this Judicial District is proper under Title 28, United States Code, §§ 1391(b), (c), (d) and 1400(b) because Defendants have regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

ANSWER TO COMPLAINT PARAGRAPH 16:

     7-Eleven admits that venue is proper as to 7-Eleven in this judicial district, but specifically denies any wrongdoing or infringement.  7-Eleven denies the remaining allegations of paragraph 16 of the Complaint.

## **FACTS**

COMPLAINT PARAGRAPH 17:

     U.S. Patent No. 6,601,104 ("the '104 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to plaintiff Realtime Data on July 29, 2003.  A true and correct copy of the '104 Patent is attached as Exhibit A.

ANSWER TO COMPLAINT PARAGRAPH 17:

7-Eleven admits that the '104 Patent entitled "System and Methods for Accelerated Data Storage and Retrieval" appears on its face to have been assigned to Realtime Data LCC and issued on July 29, 2003. 7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 17 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 18:

U.S. Patent No. 6,604,158 ("the '158 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to plaintiff Realtime Data on August 5, 2003. A true and correct copy of the '158 Patent is attached as Exhibit B.

ANSWER TO COMPLAINT PARAGRAPH 18:

7-Eleven admits that the '158 Patent entitled "System and Methods for Accelerated Data Storage and Retrieval" appears on its face to have been assigned to Realtime Data LCC and issued on August 5, 2003. 7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 18 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 19:

U.S. Patent No. 6,624,761 ("the '761 Patent"), entitled "Content Independent Data Compression Method and System," was duly and legally issued to plaintiff Realtime Data on September 23, 2003. A true and correct copy of the '761 Patent is attached as Exhibit C.

ANSWER TO COMPLAINT PARAGRAPH 19:

7-Eleven admits that the '761 Patent entitled "Content Independent Data Compression Method and System" appears on its face to have been assigned to Realtime Data LCC and issued on September 23, 2003. 7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 19 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 20:

U.S. Patent No. 6,748,457 ("the '457 Patent"), entitled "Data Storewidth Accelerator," was duly and legally issued to plaintiff Realtime Data on June 8, 2004.  A true and correct copy of the '457 Patent is attached as Exhibit D.

ANSWER TO COMPLAINT PARAGRAPH 20:

7-Eleven admits that the '457 Patent entitled "Data Storewidth Accelerator" appears on its face to have been assigned to Realtime Data LCC and issued on June 8, 2004.  7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 20 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 21:

U.S. Patent No. 7,161,506 ("the '506 Patent"), entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," was duly and legally issued to plaintiff Realtime Data on January 9, 2007. A true and correct copy of the '506 Patent is attached as Exhibit E.

ANSWER TO COMPLAINT PARAGRAPH 21:

7-Eleven admits that the '506 Patent entitled "Systems and Methods for Data Compression Such As Content Dependent Data Compression" appears on its face to have been assigned to Realtime Data LCC and issued on January 9, 2007.  7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 21 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 22:

U.S. Patent No. 7,321,937 ("the '937 Patent"), entitled "System and Methods for Accelerated Data Storage and Retrieval," was duly and legally issued to plaintiff Realtime Data on January 22, 2008. A true and correct copy of the '937 Patent is attached as Exhibit F.

ANSWER TO COMPLAINT PARAGRAPH 22:

7-Eleven admits that the '937 Patent entitled "System and Methods for Accelerated Data Storage and Retrieval" appears on its face to have been assigned to Realtime Data LCC and issued on January 22, 2008.  7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 22 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 23:

U.S. Patent No. 7,352,300 ("the '300 Patent"), entitled "Data Compression Systems and Methods," was duly and legally issued to plaintiff Realtime Data on April 1, 2008.  A true and correct copy of the '300 Patent is attached as Exhibit G.

ANSWER TO COMPLAINT PARAGRAPH 23:

7-Eleven admits that the '300 Patent entitled "Data Compression Systems and Methods" appears on its face to have been assigned to Realtime Data LCC and issued on April 1, 2008.  7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 23 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 24:

Realtime Data is the owner of the '104, '158, '761, '457, '506, '937 and '300 patents with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the '104, '158, '761, '457, '506, '937 and '300 patents with respect to Defendants.

ANSWER TO COMPLAINT PARAGRAPH 24:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 24 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 25:

On information and belief, Defendants 7-Eleven, ABM Industries, ABM Janitorial Services, Build-a-Bear, and DHL ("the Packeteer Customers") have been and are, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer without license or authorization from Realtime Data.

ANSWER TO COMPLAINT PARAGRAPH 25:

7-Eleven admits it has purchased certain products which are sold or offered for sale by Packeteer.  7-Eleven lacks sufficient knowledge or information to admit or deny the remaining allegations of paragraph 25 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 26:

On information and belief, Defendants ABM Industries, ABM Janitorial Services and DHL ("the Citrix Customers") have been and are, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix without license or authorization from Realtime Data.

ANSWER TO COMPLAINT PARAGRAPH 26:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 26 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 27:

On information and belief, Defendants Interstate and O'Reilly ("the Expand Customers") have been and are, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand without license or authorization from Realtime Data.

ANSWER TO COMPLAINT PARAGRAPH 27:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 27 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 28:

On information and belief, Defendant Averitt ("the F5 Customer") has been and is, within this Judicial District, State, and elsewhere, using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 without license or authorization from Realtime Data.

ANSWER TO COMPLAINT PARAGRAPH 28:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 28 of the Complaint and, on that basis, denies them.

## COUNT ONE - INFRINGEMENT OF U.S. PATENT 6,601,104

COMPLAINT PARAGRAPH 29:

Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

ANSWER TO COMPLAINT PARAGRAPH 29:

7-Eleven incorporates its responses to the allegations of paragraphs 1-28, inclusive, as if fully set forth herein.

COMPLAINT PARAGRAPH 30:

Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

ANSWER TO COMPLAINT PARAGRAPH 30:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 30 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 31:

The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

ANSWER TO COMPLAINT PARAGRAPH 31:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 31 of the Complaint.  With respect to the remaining allegations, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 31 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 32:

Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

ANSWER TO COMPLAINT PARAGRAPH 32:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 32 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 33:

The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in

paragraph 26 above.

ANSWER TO COMPLAINT PARAGRAPH 33:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 33 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 34:

      Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

ANSWER TO COMPLAINT PARAGRAPH 34:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 34 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 35:

      The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand as set forth in paragraphs 27 above.

ANSWER TO COMPLAINT PARAGRAPH 35:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 35 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 36:

      Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '104 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured,

designed, produced, sold and/or offered for sale by F5.

ANSWER TO COMPLAINT PARAGRAPH 36:

     7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 36 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 37:

     The F5 Customer has infringed and is continuing to infringe, one or more claims of the '104 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 28 above.

ANSWER TO COMPLAINT PARAGRAPH 37:

     7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 37 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 38:

     Realtime Data has suffered damages by reason of Defendants' infringement of the '104 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants from continuing such infringement.

ANSWER TO COMPLAINT PARAGRAPH 38:

     As to 7-Eleven, 7-Eleven denies the allegations of paragraph 38 of the Complaint.  As to the other Defendants, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 38 of the Complaint and, on that basis, denies them.

## COUNT TWO - INFRINGEMENT OF U.S. PATENT 6,604,158

COMPLAINT PARAGRAPH 39:

     Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

ANSWER TO COMPLAINT PARAGRAPH 39:

7-Eleven incorporates its responses to the allegations of paragraphs 1-28, inclusive, as if fully set forth herein.

COMPLAINT PARAGRAPH 40:

Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

ANSWER TO COMPLAINT PARAGRAPH 40:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 40 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 41:

The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

ANSWER TO COMPLAINT PARAGRAPH 41:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 41 of the Complaint.  With respect to the remaining allegations, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 41 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 42:

Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or

(b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

ANSWER TO COMPLAINT PARAGRAPH 42:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 42 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 43:

The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the `158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26 above.

ANSWER TO COMPLAIN PARAGRAPH 43:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 43 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 44:

Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

ANSWER TO COMPLAINT PARAGRAPH 44:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 44 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 45:

The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data

acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand as set forth in paragraph 27 above.

ANSWER TO COMPLAINT PARAGRAPH 45:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 45 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 46:

Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '158 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

ANSWER TO COMPLAINT PARAGRAPH 46:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 46 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 47:

The F5 Customer has infringed and is continuing to infringe, one or more claims of the '158 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraphs 28 above.

ANSWER TO COMPLAINT PARAGRAPH 47:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 47 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 48:

Realtime Data has suffered damages by reason of Defendants' infringement of the '158 Patent, and will suffer additional damages and will be irreparably injured unless this Court

enjoins Defendants from continuing such infringement.

ANSWER TO COMPLAINT PARAGRAPH 48:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 48 of the Complaint. As to

the other Defendants, 7-Eleven lacks sufficient knowledge or information to admit or deny the

allegations of paragraph 48 of the Complaint and, on that basis, denies them.

## COUNT THREE - INFRINGEMENT OF U.S. PATENT 6,624,761

COMPLAINT PARAGRAPH 49:

Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-

28, above.

ANSWER TO COMPLAINT PARAGRAPH 49:

7-Eleven incorporates its responses to the allegations of paragraphs 1-28, inclusive, as if

fully set forth herein.

COMPLAINT PARAGRAPH 50:

Defendant Packeteer has infringed and is continuing to infringe, directly and/or by

inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or

(b) by making, using, selling, and/or offering for sale, one or more data acceleration products

manufactured, designed, produced, sold and/or offered for sale by Packeteer.

ANSWER TO COMPLAINT PARAGRAPH 50:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of

paragraph 50 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 51:

The Packeteer Customers have infringed, and are continuing to infringe, one or more

claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data

acceleration products manufactured, designed, produced, sold and/or offered for sale by

Packeteer as set forth in paragraph 25 above.

ANSWER TO COMPLAINT PARAGRAPH 51:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 51 of the Complaint.  With respect to the remaining allegations, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 51 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 52:

Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

ANSWER TO COMPLAINT PARAGRAPH 52:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 52 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 53:

The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraphs 26 above.

ANSWER TO COMPLAINT PARAGRAPH 53:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 53 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 54:

Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or

(b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

ANSWER TO COMPLAINT PARAGRAPH 54:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 54 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 55:

The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand as set forth in paragraphs 27 above.

ANSWER TO COMPLAINT PARAGRAPH 55:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 55 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 56:

Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '761 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

ANSWER TO COMPLAINT PARAGRAPH 56:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 56 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 57:

The F5 Customer has infringed and is continuing to infringe, one or more claims of the '761 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products

manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 28, above.

ANSWER TO COMPLAINT PARAGRAPH 57:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 57 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 58:

Realtime Data has suffered damages by reason of Defendants' infringement of the '761 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants from continuing such infringement.

ANSWER TO COMPLAINT PARAGRAPH 58:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 58 of the Complaint.  As to the other Defendants, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 58 of the Complaint and, on that basis, denies them.

**COUNT FOUR - INFRINGEMENT OF U.S. PATENT 6,748,457**

COMPLAINT PARAGRAPH 59:

Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

ANSWER TO COMPLAINT PARAGRAPH 59:

7-Eleven incorporates its responses to the allegations of paragraphs 1-28, inclusive, as if fully set forth herein.

COMPLAINT PARAGRAPH 60:

Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '457 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured,

designed, produced, sold and/or offered for sale by F5.

ANSWER TO COMPLAINT PARAGRAPH 60:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 60 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 61:

The F5 Customer has infringed and is continuing to infringe, one or more claims of the '457 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 27 above.

ANSWER TO COMPLAINT PARAGRAPH 61:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 61 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 62:

Realtime Data has suffered damages by reason of Defendant F5 and its customer's infringement of the '457 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendant F5 and its customer from continuing such infringement.

ANSWER TO COMPLAINT PARAGRAPH 62:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 62 of the Complaint and, on that basis, denies them.

## COUNT FIVE -- INFRINGEMENT OF U.S. PATENT 7,161,506

COMPLAINT PARAGRAPH 63:

Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-28, above.

ANSWER TO COMPLAINT PARAGRAPH 63:

7-Eleven incorporates its responses to the allegations of paragraphs 1-28, inclusive, as if fully set forth herein.

COMPLAINT PARAGRAPH 64:

Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '506 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

ANSWER TO COMPLAINT PARAGRAPH 64:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 64 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 65:

The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '506 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

ANSWER TO COMPLAINT PARAGRAPH 65:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 65 of the Complaint. With respect to the remaining allegations, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 65 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 66:

Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '506 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products

manufactured, designed, produced, sold and/or offered for sale by Citrix.

ANSWER TO COMPLAINT PARAGRAPH 66:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 66 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 67:

The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '506 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26 above.

ANSWER TO COMPLAINT PARAGRAPH 67:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 67 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 68:

Realtime Data has suffered damages by reason of Defendants Packeteer, Citrix and their customers' infringement of the '506 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendants Packeteer, Citrix and their customers from continuing such infringement.

ANSWER TO COMPLAINT PARAGRAPH 68:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 68 of the Complaint.  As to the other Defendants, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 68 of the Complaint and, on that basis, denies them.

## COUNT SIX - INFRINGEMENT OF U.S. PATENT 7,321,937

COMPLAINT PARAGRAPH 69:

Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-

28, above.

ANSWER TO COMPLAINT PARAGRAPH 69:

7-Eleven incorporates its responses to the allegations of paragraphs 1-28, inclusive, as if fully set forth herein.

COMPLAINT PARAGRAPH 70:

Defendant Packeteer has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer.

ANSWER TO COMPLAINT PARAGRAPH 70:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 70 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 71:

The Packeteer Customers have infringed, and are continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Packeteer as set forth in paragraph 25 above.

ANSWER TO COMPLAINT PARAGRAPH 71:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 71 of the Complaint.  With respect to the remaining allegations, 7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 71 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 72:

Defendant Citrix has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or

(b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix.

ANSWER TO COMPLAINT PARAGRAPH 72:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 72 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 73:

      The Citrix Customers have infringed, and are continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in paragraph 26 above.

ANSWER TO COMPLAINT PARAGRAPH 73:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 73 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 74:

      Defendant Expand has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by Expand.

ANSWER TO COMPLAINT PARAGRAPH 74:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 74 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 75:

      The Expand Customers have infringed, and are continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data

acceleration products manufactured, designed, produced, sold and/or offered for sale by one or more of Expand as set forth in paragraph 27 above.

ANSWER TO COMPLAINT PARAGRAPH 75:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 75 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 76:

      Defendant F5 has infringed and is continuing to infringe, directly and/or by inducement, one or more claims of the '937 Patent in violation of 35 U.S.C. §§ 271 (a) and/or (b) by making, using, selling, and/or offering for sale, one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5.

ANSWER TO COMPLAINT PARAGRAPH 76:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 76 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 77:

      The F5 Customer has infringed and is continuing to infringe, one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration products manufactured, designed, produced, sold and/or offered for sale by F5 as set forth in paragraph 28 above.

ANSWER TO COMPLAINT PARAGRAPH 77:

      7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 77 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 78:

      Realtime Data has suffered damages by reason of Defendants' infringement of the '937 Patent, and will suffer additional damages and will be irreparably injured unless this Court

enjoins Defendants from continuing such infringement.

ANSWER TO COMPLAINT PARAGRAPH 78:

As to 7-Eleven, 7-Eleven denies the allegations of paragraph 78 of the Complaint.  As to

the other Defendants, 7-Eleven lacks sufficient knowledge or information to admit or deny the

allegations of paragraph 78 of the Complaint and, on that basis, denies them.

## COUNT SEVEN - INFRINGEMENT OF U.S. PATENT 7,352,300

COMPLAINT PARAGRAPH 79:

Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-

28, above.

ANSWER TO COMPLAINT PARAGRAPH 79:

7-Eleven incorporates its responses to the allegations of paragraphs 1-28, inclusive, as if

fully set forth herein.

COMPLAINT PARAGRAPH 80:

Defendant Citrix has infringed and is continuing to infringe, directly and/or by

inducement, one or more claims of the '300 Patent in violation of 35 U.S.C. §§ 271 (a) and/or

(b) by making, using, selling, and/or offering for sale, one or more data acceleration products

manufactured, designed, produced, sold and/or offered for sale by Citrix.

ANSWER TO COMPLAINT PARAGRAPH 80:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of

paragraph 80 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 81:

The Citrix Customers have infringed, and are continuing to infringe, one or more claims

of the '300 Patent in violation of 35 U.S.C. § 271 (a) by using one or more data acceleration

products manufactured, designed, produced, sold and/or offered for sale by Citrix as set forth in

paragraph 26, above.

ANSWER TO COMPLAINT PARAGRAPH 81:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 81 of the Complaint and, on that basis, denies them.

COMPLAINT PARAGRAPH 82:

Realtime Data has suffered damages by reason of Defendant Citrix and its customer's infringement of the '300 Patent, and will suffer additional damages and will be irreparably injured unless this Court enjoins Defendant Citrix and its customer from continuing such infringement.

ANSWER TO COMPLAINT PARAGRAPH 82:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 82 of the Complaint and, on that basis, denies them.

## COUNT EIGHT - WILLFUL INFRINGEMENT

COMPLAINT PARAGRAPH 83:

Realtime Data incorporates by reference herein the averments set forth in paragraphs 1-82, above.

ANSWER TO COMPLAINT PARAGRAPH 83:

7-Eleven incorporates its responses to the allegations of paragraphs 1-82, inclusive, as if fully set forth herein.

COMPLAINT PARAGRAPH 84:

On information and belief, the infringement of U.S. Patents 6,601,104, 6,604,158, 6,624,761, 6,748,457, and 7,161,506 by Defendants Packeteer, ABM Industries, ABM Janitorial Services, and Build-A-Bear is and has been willful and deliberate. These defendants have been on notice of one or more Realtime Data patents since at least August 17, 2006.

ANSWER TO COMPLAINT PARAGRAPH 84:

7-Eleven lacks sufficient knowledge or information to admit or deny the allegations of paragraph 84 of the Complaint and, on that basis, denies them.

### 7-ELEVEN'S DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted because 7-Eleven has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Realtime under U.S. Patents 6,601,104, 6,604,158, 6,624,761, 7,161,506, and 7,321,937 (collectively, the "Realtime Patents-in-Suit").

### Second Affirmative Defense
### (Non-Infringement)

As and for a separate affirmative defense, 7-Eleven alleges that it has not and does not directly, indirectly, contributorily and/or by inducement, infringe any claim of the Realtime Patents-in-Suit, literally or under the doctrine of equivalents.

### Third Affirmative Defense
### (Invalidity)

As and for a separate affirmative defense, 7-Eleven alleges on information and belief that one or more claims of each of the Realtime Patents-in-Suit are invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

### Fourth Affirmative Defense
### (Laches, Waiver and Estoppel)

As and for a separate affirmative defense, 7-Eleven alleges on information and belief that any claim for damages for patent infringement of the Realtime Patents in Suit is limited by the

doctrine of laches, waiver and estoppel.

## Fifth Affirmative Defense
### (35 U.S.C. § 287-Marking)

As and for a separate affirmative defense, 7-Eleven alleges on information and belief that any claim for damages for patent infringement by Realtime is limited, at a minimum by failure to mark pursuant to 35 U.S.C. § 287, to those damages occurring only after the notice of alleged infringement.

## Sixth Affirmative Defense
### (Limitation on Damages)

As and for a separate affirmative defense, 7-Eleven alleges on information and belief that Realtime's recovery for alleged infringement of the Realtime Patents-in-Suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its claims, pursuant to 35 U.S.C. § 286.

## Seventh Affirmative Defense
### (Estoppel)

As and for a separate affirmative defense, by reason of proceedings in the Patent and Trademark Office during the prosecution of the applications that resulted in the Realtime Patents-in-Suit, as shown by their file histories, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other amendments made therein by or on behalf of the patentee, Realtime is estopped to claim a construction of any of the Realtime Patents-in-Suit that would cause any valid claim thereof to cover or include any product manufactured, used, sold or offered for sale by 7-Eleven.

## 7-ELEVEN'S COUNTERCLAIMS

Defendant/Counterclaimant 7-Eleven, Inc. ("7-Eleven") brings the following

counterclaims against Plaintiff/Counterdefendant Realtime Data, LLC D/B/A IXO ("Realtime").

### JURISDICTION AND VENUE

1.      This is an action for declaratory relief.  This Court has jurisdiction over

this counterclaim based on 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

2.      Venue is proper under 28 U.S.C. §§ 1391(b)(c) and 1400(b).

### THE PARTIES

3.      Defendant/Counterclaimant 7-Eleven, Inc. ("7-Eleven") is a corporation

organized and existing under the laws of the State of Texas with a principal place of business at

1722 Routh Street, Suite 1000, Dallas, Texas 75201.

4.      On information and belief, Realtime, doing business as IXO, is a limited

liability company organized and existing under the laws of the State of New York with a

principal place of business at 15 West 36th Street, New York, New York, 10018.

### FIRST COUNTERCLAIM
### (Declaration of Non-infringement of the '104 Patent)

5.      7-Eleven incorporates and realleges paragraphs 1 through 4 of these

Counterclaims.

6.      Realtime alleges that it is the owner of the '104 patent, and Realtime has

brought suit against 7-Eleven for infringement of the '104 patent.

7.      The '104 patent is not infringed by any products made, used, sold, offered

for sale or imported by 7-Eleven.

8.      An actual case or controversy exists between Realtime and 7-Eleven based

on Realtime filing a Complaint against 7-Eleven alleging infringement of the '104 patent.

9.        7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '104 patent, which is not infringed by 7-Eleven.

10.       Declaratory relief is both appropriate and necessary to establish that the '104 patent is not infringed by any products made, used, sold, or offered for sale by 7-Eleven and thus cannot be asserted against 7-Eleven.

### SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '104 Patent)

11.       7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

12.       Realtime alleges that it is the owner of the '104 patent, and Realtime has brought suit against 7-Eleven for infringement of the '104 patent.

13.       The '104 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

14.       An actual case or controversy exists between 7-Eleven and Realtime based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '104 patent.

15.       7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '104 patent, which is invalid.

16.       Declaratory relief is both appropriate and necessary to establish that the '104 patent is invalid, and thus cannot be asserted against 7-Eleven.

### THIRD COUNTERCLAIM
### (Declaration of Non-infringement of the '158 Patent)

17.       7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

18.      Realtime alleges that it is the owner of the '158 patent, and Realtime has brought suit against 7-Eleven for infringement of the '158 patent.

19.      The '158 patent is not infringed by any products made, used, sold, offered for sale or imported by 7-Eleven.

20.      An actual case or controversy exists between Realtime and 7-Eleven based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '158 patent.

21.      7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '158 patent, which is not infringed by 7-Eleven.

22.      Declaratory relief is both appropriate and necessary to establish that the '158 patent is not infringed by any products made, used, sold, or offered for sale by 7-Eleven and thus cannot be asserted against 7-Eleven.

### FOURTH COUNTERCLAIM
### (Declaration of Invalidity of the '158 Patent)

23.      7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

24.      Realtime alleges that it is the owner of the '158 patent, and Realtime has brought suit against 7-Eleven for infringement of the '158 patent.

25.      The '158 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

26.      An actual case or controversy exists between 7-Eleven and Realtime based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '158 patent.

27.      7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '158 patent, which is invalid.

28.     Declaratory relief is both appropriate and necessary to establish that the '158 patent is invalid, and thus cannot be asserted against 7-Eleven.

## FIFTH COUNTERCLAIM
### (Declaration of Non-infringement of the '761 Patent)

29.     7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

30.     Realtime alleges that it is the owner of the '761 patent, and Realtime has brought suit against 7-Eleven for infringement of the '761 patent.

31.     The '761 patent is not infringed by any products made, used, sold, offered for sale or imported by 7-Eleven.

32.     An actual case or controversy exists between Realtime and 7-Eleven based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '761 patent.

33.     7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '761 patent, which is not infringed by 7-Eleven.

34.     Declaratory relief is both appropriate and necessary to establish that the '761 patent is not infringed by any products made, used, sold, or offered for sale by 7-Eleven and thus cannot be asserted against 7-Eleven.

## SIXTH COUNTERCLAIM
### (Declaration of Invalidity of the '761 Patent)

35.     7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

36.     Realtime alleges that it is the owner of the '761 patent, and Realtime has brought suit against 7-Eleven for infringement of the '761 patent.

37.     The '761 patent is invalid for failing to comply with the provisions of the

patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

38.     An actual case or controversy exists between 7-Eleven and Realtime based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '761 patent.

39.     7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '761 patent, which is invalid.

40.     Declaratory relief is both appropriate and necessary to establish that the '761 patent is invalid, and thus cannot be asserted against 7-Eleven.

**SEVENTH COUNTERCLAIM**
**(Declaration of Non-infringement of the '506 Patent)**

41.     7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

42.     Realtime alleges that it is the owner of the '506 patent, and Realtime has brought suit against 7-Eleven for infringement of the '506 patent.

43.     The '506 patent is not infringed by any products made, used, sold, offered for sale or imported by 7-Eleven.

44.     An actual case or controversy exists between Realtime and 7-Eleven based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '506 patent.

45.     7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '506 patent, which is not infringed by 7-Eleven.

46.     Declaratory relief is both appropriate and necessary to establish that the '506 patent is not infringed by any products made, used, sold, or offered for sale by 7-Eleven and thus cannot be asserted against 7-Eleven.

## EIGHTH COUNTERCLAIM
### (Declaration of Invalidity of the '506 Patent)

47.     7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

48.     Realtime alleges that it is the owner of the '506 patent, and Realtime has brought suit against 7-Eleven for infringement of the '506 patent.

49.     The '506 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

50.     An actual case or controversy exists between 7-Eleven and Realtime based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '506 patent.

51.     7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '506 patent, which is invalid.

52.     Declaratory relief is both appropriate and necessary to establish that the '506 patent is invalid, and thus cannot be asserted against 7-Eleven.

## NINTH COUNTERCLAIM
### (Declaration of Non-infringement of the '937 Patent)

53.     7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

54.     Realtime alleges that it is the owner of the '937 patent, and Realtime has brought suit against 7-Eleven for infringement of the '937 patent.

55.     The '937 patent is not infringed by any products made, used, sold, offered for sale or imported by 7-Eleven.

56.     An actual case or controversy exists between Realtime and 7-Eleven based

on Realtime filing a Complaint against 7-Eleven alleging infringement of the '937 patent.

57.      7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '937 patent, which is not infringed by 7-Eleven.

58.      Declaratory relief is both appropriate and necessary to establish that the '937 patent is not infringed by any products made, used, sold, or offered for sale by 7-Eleven and thus cannot be asserted against 7-Eleven.

## TENTH COUNTERCLAIM
### (Declaration of Invalidity of the '937 Patent)

59.      7-Eleven incorporates and realleges paragraphs 1 through 4 of these Counterclaims.

60.      Realtime alleges that it is the owner of the '937 patent, and Realtime has brought suit against 7-Eleven for infringement of the '937 patent.

61.      The '937 patent is invalid for failing to comply with the provisions of the patent laws, 35 U.S.C. § 1 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 132.

62.      An actual case or controversy exists between 7-Eleven and Realtime based on Realtime filing a Complaint against 7-Eleven alleging infringement of the '937 patent.

63.      7-Eleven has been injured and damaged by Realtime filing a Complaint asserting the '937 patent, which is invalid.

64.      Declaratory relief is both appropriate and necessary to establish that the '937 patent is invalid, and thus cannot be asserted against 7-Eleven.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant 7-Eleven, Inc. prays for relief as follows:

1.      That Realtime Data, LLC's Complaint be dismissed with prejudice and

that Realtime recover nothing thereon;

        2.     That the Court enter judgment declaring the '104 patent, the '158 patent, the '761 patent, the '506 patent, and the '937 patent not infringed by 7-Eleven or the use of 7-Eleven products;

        3.     That the Court enter judgment declaring the '104 patent, the '158 patent, the '761 patent, the '506 patent, and the '937 patent invalid;

        4.     That the Court order Realtime to pay 7-Eleven its costs and attorneys' fees; and

        5.     That the Court grant such other relief as the Court deems just and proper under these circumstances.

## DEMAND FOR JURY TRIAL

7-Eleven demands a trial by jury of all claims and issues so triable.

Dated: June 12, 2008                    Respectfully submitted,

                                  /s/ John M. Guaragna

                                  John M. Guaragna (Bar No. 24043308)
                                  DLA PIPER US LLP
                                  1221 S. MoPac Expressway, Suite 400
                                  Austin, Texas  78746
                                  Tel:  (512) 457-7000
                                  Fax: (512) 457-7001
                                  Email: john.guaragna@dlapiper.com

                                  John Allcock (Pro Hac Vice Application
                                            Pending)
                                  Tiffany Miller (Pro Hac Vice Application
                                          Pending)
                                  DLA PIPER US LLP
                                  400 B Street, Suite 1700
                                  San Diego, CA 92101-4297
                                  Tel:  (619) 699-2700
                                  Fax: (619) 699-2701
                                  Email: john.allcock@dlapiper.com

tiffany.miller@dlapiper.com

Andrew P. Valentine (Pro Hac Vice
    Application Pending)
Timothy Lohse (Pro Hac Vice Application
    Pending)
Carrie L. Williamson (Pro Hac Vice
    Application Pending)
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303
Tel:  (650) 833-2000
Fax: (650) 833-2001
Email: andrew.valentine@dlapiper.com
Email: timothy.lohse@dlapiper.com
Email: carrie.williamson@dlapiper.com

**Attorneys for Defendants
7-ELEVEN, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of June, 2008, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

         /s/ John M. Guaragna

            John M. Guaragna