IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA, LLC D/B/A IXO,**<br><br>Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 6:08-cv-144 |
| **PACKETEER, INC.,**<br>**BLUE COAT SYSTEMS, INC.,**<br>**CITRIX SYSTEMS, INC.,**<br>**EXPAND NETWORKS, INC.,**<br>**F5 NETWORKS, INC.,**<br>**7-ELEVEN, INC.,**<br>**ABM INDUSTRIES, INC.,**<br>**ABM JANITORIAL SERVICES –**<br>    **SOUTH CENTRAL, INC.,**<br>**AVERITT EXPRESS, INC.,**<br>**BUILD-A-BEAR WORKSHOP, INC.,**<br>**DHL EXPRESS (USA), INC.,**<br>**INTERSTATE BATTERY SYSTEM OF**<br>    **AMERICA, INC., AND**<br>**O'REILLY AUTOMOTIVE, INC.**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **JURY TRIAL DEMANDED** |

**ANSWER, AFFIRMATIVE DEFENSES, AMENDED COUNTERCLAIMS, AND REQUEST FOR JURY TRIAL OF EXPAND NETWORKS, INC., INTERSTATE BATTERY SYSTEM OF AMERICA, INC., AND O'REILLY AUTOMATIVE, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Expand Networks, Inc. ("Expand"), Interstate Battery System of America, Inc. ("Interstate Battery"), and O'Reilly Automotive, Inc. ("O'Reilly") (collectively "Defendants"), by their attorneys, serve and file this Answer to the correspondingly numbered paragraphs of the Complaint by Plaintiff Realtime Data, LLC ("Plaintiff"), Affirmative Defenses to the Complaint, and Request for Jury Trial to Plaintiff's First Amended Complaint.

## ANSWER

1-4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 1-4 inclusive and accordingly deny the same.

5.     Defendants admit that Expand is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 103 Eisenhower Parkway, Roseland, New Jersey, 07068.  Defendants admit that Expand is registered to do business in the State of Texas.  Defendants admit that Expand sells or offers to sell certain data-related products in Texas.  Defendants admit that Expand may be served with process via its registered agent at CT Corporation System, 350 N. Paul Street, Dallas, TX 75201.  Defendants deny the remainder of this paragraph.

6-12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 6-12 inclusive and accordingly denies the same.

13.     Defendants deny that Interstate Battery is a corporation organized and existing under the laws of the State of Texas, but admits that it has a principal place of business at 12770 Merit Drive, Suite 400, Dallas, Texas 75251.  Defendants admit that Interstate Battery is registered to do business in the State of Texas.  Defendants admit that Interstate Battery is a customer of Expand with respect to certain data-related products.  Defendants admit that Interstate Battery has at least one dealer in this district.  Defendants admit that Interstate Battery may be served with process via its registered agent at Walter C. Holmes III, 12770 Merit Drive, Suite 400, Dallas, TX 75251.  Defendants deny the remainder of this paragraph.

14.     Defendants admit that O'Reilly is a corporation organized and existing under the laws of the State of Missouri and has a principal place of business at 233 South Patterson, Springfield, Missouri 65802.  Defendants admit that O'Reilly is registered to do business in the

State of Texas. Defendants admit that O'Reilly is a customer of Expand with respect to certain data-related products. Defendants admit that O'Reilly has at least one retail store location in this district. Defendants admit that O'Reilly may be served with process via its registered agent at CT Corporation System, 350 N. Paul Street, Dallas, TX 75201. Defendants deny the remainder of this paragraph.

15-16. Defendants admit that, based upon the allegations in the Complaint, this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1338(a) and 1331, but specifically deny any wrongdoing or infringement.

17. Defendants admit that venue is proper as to Defendants in this judicial district but deny that any event or omission on their part in this judicial district or elsewhere has given rise to any claim by Plaintiff against Defendants, and deny the remaining allegations of this paragraph.

18. Defendants admit that, on its face, U.S. Patent No. 6,601,104 ("the '104 Patent") is titled "System and Methods for Accelerated Data Storage and Retrieval," states that it was assigned to Realtime Data LLC, and was issued on July 29, 2003. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 18, and accordingly deny the same.

19. Defendants admit that, on its face, U.S. Patent No. 6,604,158 ("the '158 Patent") is titled "System and Methods for Accelerated Data Storage and Retrieval," states that it was assigned to Realtime Data LLC, and was issued on August 5, 2003. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 19, and accordingly deny the same.

20. Defendants admit that, on its face, U.S. Patent No. 6,624,761 ("the '761 Patent") is titled "Content Independent Data Compression Method and System," states that it was

assigned to Realtime Data LLC, and was issued on Sept. 23, 2003. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 20, and accordingly deny the same.

21. Defendants admit that, on its face, U.S. Patent No. 6,748,457 ("the '457 Patent") is titled "Data Storewidth Accelerator," states that it was assigned to Realtime Data LLC, and was issued on June 8, 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 21, and accordingly deny the same.

22. Defendants admit that, on its face, U.S. Patent No. 7,161,506 ("the '506 Patent") is titled "Systems and Methods for Data Compression Such As Content Dependent Data Compression," states that it was assigned to Realtime Data LLC, and was issued on Jan. 9, 2007. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 22, and accordingly deny the same.

23. Defendants admit that, on its face, U.S. Patent No. 7,321,937 ("the '937 Patent") is titled "System and Methods for Accelerated Data Storage and Retrieval," states that it was assigned to Realtime Data LLC, and was issued on Jan. 22, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 23, and accordingly deny the same.

24. Defendants admit that, on its face, U.S. Patent No. 7,352,300 ("the '300 Patent") is titled "Data Compression Systems and Methods," states that it was assigned to Realtime Data LLC, and was issued on April 1, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 24, and accordingly deny the same.

25. Defendants admit that, on its face, U.S. Patent No. 7,376,772 ("the '772 Patent") is titled "Data Storewidth Accelerator," states that it was assigned to Realtime Data LLC, and was issued on May 20, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 25, and accordingly deny the same.

26. Defendants admit that, on its face, U.S. Patent No. 7,378,992 ("the '992 Patent") is titled "Content Independent Data Compression Method and System," states that it was assigned to Realtime Data LLC, and was issued on May 27, 2008. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of paragraph 26, and accordingly deny the same.

27-30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 27-30 inclusive and accordingly deny the same.

31. Defendants admit that Interstate Battery and O'Reilly have used certain products which are sold or offered for sale by Expand, but deny the remainder of the allegations of this paragraph.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and accordingly deny the same.

33. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

34-39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 34-39 inclusive and accordingly deny the same.

40. Defendants deny the allegations of this paragraph.

41. Defendants deny the allegations of this paragraph.

42-43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 42-43 inclusive and accordingly deny the same.

44. Defendants deny the allegations of this paragraph.

45. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

46-51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 46-51 inclusive and accordingly deny the same.

52. Defendants deny the allegations of this paragraph.

53. Defendants deny the allegations of this paragraph.

54-55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 54-55 inclusive and accordingly deny the same.

56. Defendants deny the allegations of this paragraph.

57. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

58-63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 58-63 inclusive and accordingly deny the same.

64. Defendants deny the allegations of this paragraph.

65. Defendants deny the allegations of this paragraph.

66-67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 66-67 inclusive and accordingly deny the same.

68. Defendants deny the allegations of this paragraph.

69. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

70-72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 70-72 inclusive and accordingly deny the same.

73. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

74-80. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 74-80 inclusive and accordingly deny the same.

81. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

82-87. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 82-87 inclusive and accordingly deny the same.

88. Defendants deny the allegations of this paragraph.

89. Defendants deny the allegations of this paragraph.

90-91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 90-91 inclusive and accordingly deny the same.

92. Defendants deny the allegations of this paragraph.

93. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

94-96. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 94-96 inclusive and accordingly deny the same.

97. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

98-100. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 98-100 inclusive and accordingly deny the same.

101. Defendants reincorporate their responses to the allegations of paragraphs 1-32, inclusive, as if fully set forth herein.

102-107. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 102-107 inclusive and accordingly deny the same.

108. Defendants deny the allegations of this paragraph.

109. Defendants deny the allegations of this paragraph.

110-111. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 110-111 inclusive and accordingly deny the same.

112. Defendants deny the allegations of this paragraph.

113. Defendants reincorporate their responses to the allegations of paragraphs 1-112, inclusive, as if fully set forth herein.

114-115. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 114-115 inclusive and accordingly deny the same.

116. Defendants further deny the relief requested and allegations in paragraphs E, H, J, K, L, and M of the Prayer at pages 19-21 of the Complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs A, B, C, D, F, G and I of the Prayer at pages 19-21 of the Complaint and accordingly deny the same.

## AFFIRMATIVE DEFENSES

117. **First Affirmative Defense.** Defendants do not infringe, and at all times relevant to this action, have not infringed upon any valid and enforceable claim of the '104, '158, '761, '937, and '992 Patents ("The Patents").

118. **Second Affirmative Defense.** The Patents, including all of the claims, are invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§101, 102, and 103.

119. **Third Affirmative Defense.** The Patents, including all of the claims, are invalid for failure to comply with the requirements of 35 U.S.C. §112.

120. **Fourth Affirmative Defense.** The Complaint fails to state a claim upon which relief can be granted.

121. **Fifth Affirmative Defense.** Plaintiff is estopped by reason of the prosecution of the application of the Patents in the United States Patent & Trademark Office to assert for the Patents a claim construction that would cause the Patents to cover or to include any product involving Defendants.

122. **Sixth Affirmative Defense.** Plaintiff's claims for infringement of the Patents is barred by the equitable doctrines of laches, estoppel, and acquiescence.

123. **Seventh Affirmative Defense.** Plaintiffs' claims are barred in whole or in part by failure to mark pursuant to 35 U.S.C. §287.

## AMENDED COUNTERCLAIMS

124. Defendants file these Counterclaims for declaratory judgment of patent invalidity and noninfringement and would respectfully show as follows.

### Parties

125. Defendant and Counter-Plaintiff Expand is a corporation organized and existing under the laws of the State of Delaware.

126. Defendant and Counter-Plaintiff Interstate Battery is a corporation organized and existing under the laws of the State of Texas.

127. Defendant and Counter-Plaintiff O'Reilly is a corporation organized and existing under the laws of the State of Missouri.

128. On information and belief, Plaintiff and Counter-Defendant Realtime Data, LLC d/b/a IXO ("Realtime") is a corporation organized and existing under the laws of the State of New York.

## Jurisdiction and Venue

129. Jurisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 in that a claim is presented for declaratory judgment and under 28 U.S.C. § 1338(a) because this claim arises under the laws of the United States relating to patents. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim alleged occurred in this district.

## Count I: Patent Invalidity

130. This count is for a declaratory judgment that the Patents are invalid. Counter-Defendant Realtime alleges in this lawsuit that it is the owner of the Patents, and that Counter-Plaintiffs have infringed these patents.

131. The Patents are invalid for failing to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, and 103, including but not limited to:

(a) The subject matter claimed in the Patents is not new or useful as required by 35 U.S.C. § 101.

    (b)    The subject matter claimed in the Patents was patented or described in a printed publication in this or a foreign country before the alleged invention thereof by the patent applicant and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(a).

    (c)    The subject matter claimed in the Patents was patented or described in a printed publication in this or a foreign country more than one year prior to the effective filing date of the patent applications and, therefore, was unpatentable pursuant to 35 U.S.C. § 102(b).

    (d)    The subject matter claimed in the Patents would have been obvious at the time of the alleged invention by the patent applicant to a person having ordinary skill in the art to which the subject matter pertains and, therefore, was unpatentable pursuant to 35 U.S.C. § 103.

132.    The Patents are also invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 112 including but not limited to the written description requirement, best mode requirement, and enabling disclosure requirement. Further, the Patents are invalid for failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

Count II: Noninfringement

133.    This count is for a declaratory judgment that Defendants and Counter-Plaintiffs do not infringe upon the Patents.

134.    Defendants and Counter-Plaintiffs do not infringe, and at all times have not infringed, contributed to infringement, or induced infringement of any valid or enforceable claim of the Patents.

## **PRAYER**

Defendants pray that:

(a) Plaintiff's Complaint against Defendants be dismissed with prejudice and Plaintiff take nothing by way of this action;

(b) Judgment be entered in favor of Defendants against Plaintiff declaring that the Patents are invalid;

(c) Judgment be entered in favor of Defendants against Plaintiff declaring that Defendants do not infringe upon any of the Patents;

(d) Judgment be entered enjoining Plaintiff, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with it, from asserting or attempting to enforce the Patents against Defendants or their customers;

(e) Judgment be entered in favor of Defendants against Plaintiff and finding that this is an exceptional case based on Plaintiff's conduct and that Defendants are entitled to recover their attorneys' fees and costs under 35 U.S.C. §285; and

(f) Defendants have such other and further relief this Court deems just and proper. Defendants demand a trial by jury on all issues of fact.

Respectfully submitted,

/s/
Donald C. Templin
State Bar No. 19771500
Theodore G. Baroody
State Bar No. 01797550
William D. White
State Bar No. 24063062

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
Telephone: (214) 651-5000
Telecopier: (214) 651-5940

ATTORNEYS FOR DEFENDANTS
EXPAND NETWORKS, INC., INTERSTATE
BATTERY SYSTEM OF AMERICA, INC., AND
O'REILLY AUTOMOTIVE, INC.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Answer, Affirmative Defenses, Amended Counterclaims, and Request for Jury Trial of Defendants Expand Networks, Inc., Interstate Battery System of America, Inc., and O'Reilly Automotive, Inc. was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF filing system per Local Rule CV-5(a)(3) on the 2nd day of July, 2008.

_____/s/_____
Theodore G. Baroody