IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **REALTIME DATA, LLC D/B/A/ IXO,**<br><br>      **Plaintiff,**<br><br>  v.<br><br>**PACKETEER, INC.,**<br>**BLUE COAT SYSTEMS, INC.,**<br>**CITRIX SYSTEMS, INC.,**<br>**EXPAND NETWORKS, INC.,**<br>**F5 NETWORKS, INC.,**<br>**7-ELEVEN, INC.,**<br>**ABM INDUSTRIES, INC.,**<br>**ABM JANITORIAL SERVICES –**<br>     **SOUTH CENTRAL, INC.,**<br>**AVERITT EXPRESS, INC.,**<br>**BUILD-A-BEAR WORKSHOP, INC.,**<br>**DHL EXPRESS (USA), INC.,**<br>**INTERSTATE BATTERY SYSTEM OF**<br>     **AMERICA, INC., AND**<br>**O'REILLY AUTOMOTIVE, INC.**<br><br>      **Defendants.** | Civil Action No. 6:08-cv-144 LED<br><br>**JURY TRIAL DEMANDED**<br><br>**DECLARATION OF MS. ALEXANDRA SIEGEL IN SUPPORT OF MOTION FOR CHANGE OF VENUE** |

     I, Alexandra Siegel, declare and state the following:

     1.    I am employed by Citrix Systems, Inc. ("Citrix"), a named defendant in the above-captioned action. I am an Associate General Counsel for Citrix, and I have been employed by Citrix for over seven years. I am over the age of eighteen and I make this declaration from my own personal knowledge. If called to testify as to the matters discussed herein, I could and would testify competently thereto.

     2.    Citrix is a corporation organized and existing under the laws of the State of Delaware. Citrix has a primary place of business located at 851 West Cypress Creek Road, Fort Lauderdale, Florida 33309 ("Florida Campus").

3. Citrix's Regional and Divisional Headquarters for the Silicon Valley are located at 4988 Great America Parkway, Santa Clara, California 95054 ("Santa Clara Campus").

4. I understand that Realtime Data LLC asserts that Citrix infringes seven United States Patents through the manufacture, offer for sale, and sale of four products: WANScaler™, Branch Repeater™, NetScaler® and Citrix XenApp™ (previously called Citrix Presentation Server™, or MetaFrame®).

5. WANScaler™ was originally developed by a company called Orbital Data, which was based in San Mateo, California. Citrix acquired Orbital Data in August 2006. Since that time, the management, design, research, development, and marketing of WANScaler has been primarily performed at Citrix's Santa Clara Campus. Moreover, the financial planning and accounting for WANScaler is largely managed by employees at Citrix's Santa Clara Office Campus. Many of the Citrix employees who are involved in the management and development of WANScaler™ are former Orbital Data employees.

6. Branch Repeater™ was also primarily developed by employees working at Citrix's Santa Clara Campus. The management, planning, design, research and development of Branch Repeater™ is largely undertaken at Citrix's Santa Clara Campus. Moreover, employees at Citrix's Santa Clara Campus are primarily responsible for marketing, financial planning, and accounting for Branch Repeater™.

7. NetScaler® was originally developed by a San Jose, California-based company called NetScaler. Citrix acquired NetScaler in August 2005. Since that time, the management, design, research, development and planning of NetScaler has largely been performed by employees working at Citrix's Santa Clara Campus, many of whom are former NetScaler

employees. Moreover, employees at Citrix's Santa Clara Campus are primarily responsible for marketing, financial planning, and accounting for NetScaler®.

8. A true and correct copy of Defendant Citrix Systems, Inc.'s Initial Disclosures that were served on Plaintiff Realtime Data on October 6, 2008 in connection with the above-referenced litigation is attached hereto as Exhibit A.

9. In its initial disclosures, Citrix identified five current Citrix Silicon Valley employees likely to have knowledge concerning the development and marketing of WANScaler™, Branch Repeater™, and NetScaler®. Since making these disclosures, two of the listed employees, Mr. Sundarrajan and Mr. Samuels have left Citrix. Both Mr. Sundarrajan and Mr. Samuels, however, remain in Santa Clara County.

10. Citrix documents relating to the planning, research, development, testing, marketing and sales of WANScaler™, Branch Repeater™, and NetScaler® are primarily maintained in Citrix's Santa Clara Campus. The source code for WANScaler™, Branch Repeater™, and NetScaler® is housed and maintained on servers located at the Santa Clara Campus. Samples of these products are also maintained at the Santa Clara Campus. A large number of the employees who have day-to-day responsibility for these products work at the Santa Clara Campus.

11. Citrix is a major employer in Santa Clara County and the Silicon Valley area generally. It has approximately 450 employees assigned to its Santa Clara Campus.

12. Citrix XenApp™, which has been previously called Citrix Presentation Server™ and MetaFrame®, was primarily designed, developed, and tested at Citrix's Florida Campus. The design, development, and management of Citrix XenApp™ (and Citrix Presentation Server™ and MetaFrame®), is performed by Citrix personnel at the Florida Campus, as well as

by other Citrix employees located world-wide. The planning, marketing and sales, and accounting operations for Citrix XenApp™ are primarily the responsibility of employees who work at Citrix's Florida Campus.

13. In its initial disclosures, Citrix identified four current employees who work at Citrix's Florida Campus as persons likely to have knowledge concerning the development, operation, and marketing of Citrix XenApp®.

14. The vast majority of the evidence relating to the development and marketing of Citrix XenApp™ and (Citrix Presentation Server™ and MetaFrame®) is located at Citrix's Florida Campus. This includes documents concerning the design, development, structure, function and operation of Citrix XenApp™. The source code for Citrix XenApp™ is maintained and stored on a server located at Citrix's Florida Campus. Documents concerning the marketing and sales of Citrix XenApp™ are also located at Citrix's Florida Campus.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on January 26, 2009 at Fort Lauderdale, Florida.

_____
Alexandra Siegel

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REALTIME DATA, LLC D/B/A/ IXO,<br><br>**Plaintiff,**<br><br>v.<br><br>PACKETEER, INC.,<br>BLUE COAT SYSTEMS, INC.,<br>CITRIX SYSTEMS, INC.,<br>EXPAND NETWORKS, INC.,<br>F5 NETWORKS, INC.,<br>7-ELEVEN, INC.,<br>ABM INDUSTRIES, INC.,<br>ABM JANITORIAL SERVICES –<br>    SOUTH CENTRAL, INC.,<br>AVERITT EXPRESS, INC.,<br>BUILD-A-BEAR WORKSHOP, INC.,<br>DHL EXPRESS (USA), INC.,<br>INTERSTATE BATTERY SYSTEM OF<br>    AMERICA, INC., AND<br>O'REILLY AUTOMOTIVE, INC.<br><br>**Defendants.** | Civil Action No. 6:08-cv-144 LED<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT CITRIX SYSTEMS, INC.'S INITIAL DISCLOSURES

Pursuant to Paragraph 1 of the Court's September 19, 2008 Discovery Order, Defendant Citrix Systems, Inc. ("Citrix") makes the following disclosures based on information reasonably available to it to date. This initial disclosure represents Citrix's good faith effort to provide the information required pursuant to the discovery order. Citrix does not represent that it has identified every witness, document or thing that it may use to support its claims and defenses. Citrix reserves the right to supplement or correct these disclosures pursuant to Federal Rule of Civil Procedure 26(e) to add or correct information, witnesses, documents, and things that become known to Citrix through discovery or otherwise. Citrix further reserves its right to

object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection, and it reserves the right to object to the admissibility of the information disclosed.

### (A) Correct Names Of The Parties Of The Lawsuit

The correct name of the disclosing party is Citrix Systems, Inc. To the best of Citrix's knowledge, the correct name of the Plaintiff is Realtime Data LLC d/b/a/ IXO Corp. Citrix is without knowledge or information as to the correct names of the other Defendants.

### (B) Name, Address, Telephone Number Of Any Potential Parties

To the best of Citrix's knowledge, there are no potential parties to this lawsuit.

### (C) Legal Theories And General Factual Bases Of Claims And Defenses

Citrix incorporates by reference its Answer And Counterclaims of Defendant and Counterclaimant Citrix Systems, Inc. To First Amended Complaint, Citrix's to-be-served Patent Rule disclosures, and other discovery responses.

#### 1. Non-Infringement of U.S. Patent No. 6,601,104 ("the '104 patent")

Citrix's accused devices – WANScaler™ and Branch Repeater™ – do not feature or utilize technology that falls within the scope of any valid or enforceable claim of the '104 patent. For at least the same reasons, Citrix does not induce or contribute to the infringement of any valid claim of the '104 patent.

#### 2. Non-Infringement of U.S. Patent No. 6,604,158 ("the '158 patent")

Citrix's accused devices – WANScaler™ and Branch Repeater™ – do not feature or utilize technology that falls within the scope of any valid or enforceable claim of the '158 patent. For at least the same reasons, Citrix does not induce or contribute to the infringement of any valid claim of the '158 patent.

3. **Non-Infringement of U.S. Patent No. 7,352,300 ("the '300 patent")**

Citrix's accused device – Citrix XenApp™ – does not feature or utilize technology that falls within the scope of any valid or enforceable claim of the '300 patent. For at least the same reasons, Citrix does not induce or contribute to the infringement of any valid claim of the '300 patent.

4. **Non-Infringement of U.S. Patent No. 7,321,937 ("the '937 patent")**

Citrix's accused device – NetScaler® – does not feature or utilize technology that falls within the scope of any valid or enforceable claim of the '937 patent. For at least the same reasons, Citrix does not induce or contribute to the infringement of any valid claim of the '937 patent.

5. **Non-Infringement of U.S. Patent No. 6,624,761 ("the '761 patent")**

Citrix's accused devices – WANScaler™ and Branch Repeater™ – do not feature or utilize technology that falls within the scope of any valid or enforceable claim of the '761 patent. For at least the same reasons, Citrix does not induce or contribute to the infringement of any valid claim of the '761 patent.

6. **Non-Infringement of U.S. Patent No. 7,161,506 ("the '506 patent")**

Citrix's accused devices – WANScaler™ and Branch Repeater™ – do not feature or utilize technology that falls within the scope of any valid or enforceable claim of the '506 patent. For at least the same reasons, Citrix does not induce or contribute to the infringement of any valid claim of the '506 patent.

7. **Non-Infringement of U.S. Patent No. 7,378,992 ("the '992 patent")**

Citrix's accused devices – WANScaler™ and Branch Repeater™ – do not feature or utilize technology that falls within the scope of any valid or enforceable claim of the '992 patent.

For at least the same reasons, Citrix does not induce or contribute to the infringement of any valid claim of the '992 patent.

### 8. Invalidity of U.S. Patent No. 6,601,104

The claims of the '104 patent are invalid for failure to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### 9. Invalidity of U.S. Patent No. 6,604,158

The claims of the '158 patent are invalid for failure to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### 10. Invalidity of U.S. Patent No. 7,352,300

The claims of the '300 patent are invalid for failure to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### 11. Invalidity of U.S. Patent No. 7,321,937

The claims of the '937 patent are invalid for failure to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### 12. Invalidity of U.S. Patent No. 6,624,761

The claims of the '761 patent are invalid for failure to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### 13. Invalidity of U.S. Patent No. 7,161,506

The claims of the '506 patent are invalid for failure to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### 14. Invalidity of U.S. Patent No. 7,378,992

The claims of the '992 patent are invalid for failure to satisfy one or more of the statutory requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## 15. Lack of Notice

Plaintiff is not entitled to damages for any of Citrix's activities alleged to have occurred before Plaintiff gave Citrix actual notice of alleged infringement of the '104, '158, '300, '937, '761, '506, and '992 patents (collectively, the "patents-in-suit"). Plaintiff failed to satisfy one or more of the statutory requirements set forth in 35 U.S.C. §§ 101 *et seq.*, including, without limitation, 35 U.S.C. § 287.

## 16. Declaratory Judgment

In light of Plaintiff filing this lawsuit against Citrix for alleged infringement of the patents-in-suit and Citrix's contentions that it does not infringe the patents-in-suit and that the patents-in-suit are invalid, an actual controversy exists between Plaintiff and Citrix regarding the infringement and validity of the patents-in-suit. Declaratory relief, therefore, is both appropriate and necessary to establish that the patents-in-suit are invalid and not infringed by Citrix. Citrix incorporates by reference its initial disclosure statements set forth above in sections (C)(1)-(14).

### (D)    Persons Having Knowledge Of Relevant Facts/Brief Statement

Citrix identifies the following individuals as having knowledge of relevant facts and/or as likely having discoverable information that Citrix may use to support its claims or defenses. Citrix's investigations are ongoing, however, and Citrix reserves the right to identify additional individuals at a later date. Citrix's representatives, employees, agents and witnesses should be contacted through its counsel of record, Goodwin Procter LLP, 135 Commonwealth Drive, Menlo Park, California 94025. Tel: (650) 752-3100.

1.  Allen Samuels
    Principal Architect, WANScaler™ R&D
    Citrix Systems, Inc.
    4988 Great America Parkway
    Santa Clara, California 95054

Mr. Samuels is likely to have information concerning the design, function, structure, and operation of WANScaler™ and Branch Repeater™.

2. Prabakar Sundarrajan
   Citrix Systems, Inc.
   4988 Great America Parkway
   Santa Clara, California 95054

Mr. Sundarrajan is likely to have information concerning the design, function, structure, and operation of NetScaler®.

3. Brad Pedersen
   Chief Architect and Senior Fellow
   Citrix Systems, Inc.
   851 West Cypress Creek Road
   Fort Lauderdale, FL 33309

Mr. Pedersen is likely to have information concerning the design, function, structure, and operation of Citrix XenApp™, including the development and history of Citrix XenApp™ and its predecessor systems.

4. Terry Treder
   Principal Architect
   Citrix Systems, Inc.
   851 West Cypress Creek Road
   Fort Lauderdale, FL 33309

Mr. Treder is likely to have information concerning the design, function, structure, and operation of Citrix XenApp™, including the development and history of Citrix XenApp™ and its predecessor systems.

5. Yimiko Stanley
   Director of Finance
   Citrix Systems, Inc.
   4988 Great America Parkway
   Santa Clara, California 95054

Ms. Stanley is likely to have information concerning Citrix's revenues from the sale and/or licensing of NetScaler®, WANScaler™ and Branch Repeater™, as well as other financial information concerning the foregoing products.

6. Martin Clancy
   Senior Director, Product Operations
   Citrix Systems, Inc.
   851 West Cypress Creek Road
   Fort Lauderdale, FL 33309

Mr. Clancy is likely to have information concerning Citrix's revenues from the sale and/or licensing of Citrix XenApp™, as well as other financial information concerning Citrix XenApp™.

7. Sumit Dhawan
   VP, Product Marketing
   Citrix Systems, Inc.
   851 West Cypress Creek Road
   Fort Lauderdale, FL 33309

Mr. Dhawan is likely to have information concerning the marketing of Citrix XenApp™.

8. Greg Smith
   Director of Product Marketing
   Citrix Systems, Inc.
   4988 Great America Parkway
   Santa Clara, California 95054

Mr. Smith is likely to have information concerning the marketing of NetScaler®.

9. Sai Allavarapu
   Senior Director of Product Marketing
   Citrix Systems, Inc.
   4988 Great America Parkway
   Santa Clara, California 95054

Mr. Allavarapu is likely to have information concerning the marketing of WANScaler™ and Branch Repeater™.

10. James Fallon
    Chairman
    Realtime Data LLC d/b/a/ IXO Corp.
    15 West 36th Street
    New York, NY 10018

Mr. Fallon is listed as an inventor on the patents-in-suit and is likely to have information concerning the conception, development, reduction to practice, prosecution and invalidity of the alleged inventions of the patents-in-suit. Mr. Fallon is also likely to have information regarding any alleged damages sought by Plaintiff, as well as information regarding the licensing of the patents-in-suit.

11. Yury Wolf-Sonkin
    Current address and telephone number unknown.

Mr. Wolf-Sonkin is listed as a co-inventor on U.S. Patent No. 6,748,457 with Mr. James

Fallon. Mr. Wolf-Sonkin is likely to have information concerning the conception, development, reduction to practice, prosecution and invalidity of the alleged inventions of the patents-in-suit.

12. Frank V. DeRosa
    Keusey, Tutunjian & Bitteto, P.C.
    20 Crossways Park Dr. N. Ste. 210
    Woodbury, New York 11797-2007
    (516) 357-0091

Mr. DeRosa is listed as the prosecuting attorney on the '104, '158, and '761 patents. Mr. DeRosa is likely to have information concerning the prosecution, scope, and invalidity of the patents-in-suit.

13. Steven McErlain
    President
    Realtime Data LLC d/b/a/ IXO Corp.
    15 West 36th Street
    New York, NY 10018

Mr. McErlain is the President of Realtime Data LLC, and is likely to have information relevant to the invalidity of the patents-in-suit and to determining the damages, if any, for the alleged infringement of the patents-in-suit.

14. Carl W. Melone
    Currently or formerly associated with Realtime Data LLC d/b/a/ IXO Corp.

Mr. Melone is formerly a Vice-President of Realtime Data, and is likely to have information relevant to the invalidity of the patents-in-suit and to determining the damages, if any, for the alleged infringement of the patents-in-suit.

15. Richard G. Tashjian
    Tashjian & Padian
    15 West 36th Street, 15th Floor
    New York, NY 10018
    (212) 319-9883

Mr. Tashjian is likely to have information relevant to determining any alleged damages, as well as the conception and reduction to practice of the alleged inventions of the patents-in-suit. He is also likely to have information relevant to the invalidity of the asserted claims of the patents-in-suit.

16. Gerald Padian
    Tashjian & Padian
    15 West 36th Street, 15th Floor
    New York, NY 10018
    (212) 319-9883

Mr. Padian is likely to have information relevant to determining damages, if any, resulting from the alleged infringement of the patents-in-suit. Mr. Padian is also likely to have information relating to the conception and reduction to practice of the alleged inventions of the patents-in-suit. He is also likely to have information relevant to the invalidity of the asserted claims of the patents-in-suit.

17. David R. Augustine
    Currently or formerly associated with Realtime Data LLC d/b/a/ IXO Corp.

Mr. Augustine is likely to have information relevant to determining the damages, if any, resulting from the alleged infringement of the patents-in-suit. Mr. Augustine is also likely to have information relating to the conception and reduction to practice of the alleged inventions of the patents- in-suit. He is also likely to have information relevant to the invalidity of the asserted claims of the patents-in-suit.

18. Jeffrey E. Buthee
    Currently or formerly associated with Realtime Data LLC d/b/a/ IXO Corp.

Mr. Buthee is likely to have information relevant to determining the damages, if any, resulting from the alleged infringement of the patents-in-suit. Mr. Buthee is also likely to have information relating to the conception and reduction to practice of the alleged inventions of the patents-in-suit. He is also likely to have information relevant to the invalidity of the asserted claims of the patents-in-suit.

19. Steve Bo
    Currently or formerly associated with Realtime Data LLC d/b/a/ IXO Corp.

Mr. Bo is likely to have information relevant to determining the damages, if any, resulting from the alleged infringement of the patents-in-suit. Mr. Bo is also likely to have information relating to the conception and reduction to practice of the alleged inventions of the patents-in-suit. He is also likely to have information relevant to the invalidity of the asserted claims of the patents-in-suit.

20. Richard Hanson
    Currently or formerly associated with Realtime Data LLC d/b/a/ IXO Corp.

Mr. Hanson is likely to have information relevant to determining the damages, if any, resulting from the alleged infringement of the patents-in-suit. Mr. Hanson is also likely to have information relating to the conception and reduction to practice of the alleged inventions of the patents-in-suit. He is also likely to have information relevant to the invalidity of the asserted claims of the patents-in-suit.

21. Donald Kennedy
    Currently or formerly associated with Realtime Data LLC d/b/a/ IXO Corp.

Mr. Kennedy is likely to have information relevant to determining the damages, if any, resulting from the alleged infringement of the patents-in-suit. Mr. Kennedy is also likely to have information relating to the conception and reduction to practice of the alleged inventions of the patents-in-suit. He is also likely to have information relevant to the invalidity of the asserted claims of the patents-in-suit.

22. Paul Weiss (accountant and set up corporate structure for Realtime)
Current address and telephone number unknown.

Mr. Weiss is likely to have information relevant to determining the damages, if any, resulting from the alleged infringement of the patents-in-suit.

**(E)     Indemnity And Insurance Agreements**

At this time, Citrix has not identified any indemnity and/or insurance agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action against Citrix or to indemnify or reimburse for payments made to satisfy a judgment against Citrix.

**(F)     Settlement Agreements Relevant To The Subject Matter Of This Action**

At this time, Citrix is not aware of any settlement agreements relevant to the subject matter of this action.

**(G)     Any Statement Of Any Party**

At this time, Citrix is not aware of any statement of any party to the litigation.

**(H)     Rule 26(a)(1)(A)(ii) – Documents And Tangible Things**

Based upon information reasonably available to Citrix at the present time, Citrix identifies the following categories of documents and tangible things that Citrix may use to support its claims and defenses in this matter. This disclosure does not constitute an admission as to the relevance of the identified materials or a waiver of an attorney-client privilege or work product protection or other applicable protection or immunity.

1. The patents-in-suit and their file histories.

2. Documents and things sufficient to establish the features, functionality and operation of the accused devices, including, among other things, the source code for the accused devices.

3. Prior art to the patents-in-suit.

4. Financial documents and marketing information.

The patents-in-suit and their file histories have been produced by the plaintiff. All Citrix documents are in Citrix's custody. Pursuant to this Court's September 19, 2008 Docket Control Order, Citrix will be producing documents and things sufficient to show the operation of the accused devices, including source code, by October 30, 2008. Citrix will also be producing documents relating to the invalidity of the asserted claims of the patents-in-suit with its disclosure pursuant to Patent Rule 3-3 no later than December 8, 2008. Other Citrix documents will be produced in accordance with the Court's September 19, 2008 Docket Control Order.

After Plaintiff more particularly identifies the bases for its damages claims, Citrix expects to produce additional documents and things which Citrix will rely upon to support its claims or defenses.

### (I) Rule 26(a)(1)(A)(iii) – Computation Of Damages

Citrix presently has no pending claim in this action for damages caused by Plaintiff or its counsel, other than seeking an award of its costs and attorneys' fees incurred in this action. Citrix reserves the right to assert damages claims, if appropriate, against Plaintiff or its counsel at a later stage in this litigation.

Dated: October 6, 2008

Respectfully submitted,

By: /s/ Gerald P. Dodson
Gerald P. Dodson
CA State Bar No. 139602
GDodson@goodwinprocter.com
Erica D. Wilson
CA State Bar No. 161386
EWilson@goodwinprocter.com
Steven D. Tang
CA State Bar No. 228801
STang@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California 94025
Tel.: 650.752.3100
Fax: 650.853.1038

Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Counsel for Defendant and Counterclaim Plaintiff
CITRIX SYSTEMS, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served, via **EMAIL** and **FIRST CLASS MAIL** upon all counsel of record on October 6, 2008.

| | |
|---|---|
| **Attorneys for Plaintiff Realtime Data, LLC**<br>Kenneth B. Herman, Esq.<br>Kenneth.Herman@ropesgray.com<br>Ching-Lee Fukuda, Esq.<br>Ching-lee.fukuda@ropesgray.com<br>Padmaja Chinta, Esq.<br>Padmaja.chinta@ropesgray.com<br>Ropes & Gray LLP<br>1200 Avenue of the Americas<br>New York, NY 10036 | **Attorneys for Defendant Expand Networks, Inc., Interstate Battery System of America, Inc., and O'Reilly Automotive, Inc.**<br>Donald C. Templin, Esq.<br>Don.templin@haynesboone.com<br>Theodore G. Baroody, Esq.<br>Ted.baroody@haynesboone.com<br>Haynes & Boone, LLP<br>901 Main Street, Suite 3100,<br>Dallas, Texas 75202-3789 |
| **Attorneys for Plaintiff Realtime Data, LLC**<br>Michael E. Jones, Esq.<br>mikejones@potterminton.com<br>John F. Bufe, Esq.<br>johnbufe@potterminton.com<br>Potter Minton<br>110 North College<br>500 Plaza Tower<br>Tyler, Texas 75702 | **Attorneys for Defendant F5 Networks Inc. and Averitt Express, Inc.**<br>Ramsey M. Al-Salam, Esq.<br>RAlsalam@perkinscoie.com<br>S. Kameron Parvin, Esq.<br>KParvin@perkinscoie.com<br>Perkins Coie, LLP<br>1201 Third Avenue, 40th Floor<br>Seattle, Washington 98101 |
| **Attorneys for Defendant Packeteer, Blue Coat System, Inc., 7-Eleven, Inc., ABM Industries, Inc., ABM Janitorial Services-South Central, Inc. and Build-A-Bear Workshop**<br>David M. Beckwith, Esq.<br>dbeckwith@mwe.com<br>McDermott Will & Emery LLP<br>La Jolla Village Drive, Suite 700<br>San Diego, California 92122 | **Attorneys for Defendant DHL Express (USA), Inc.**<br>Mark P. Wine, Esq.<br>mwine@orrick.com<br>Donald Daybell, Esq.<br>ddaybell@orrick.com<br>Andre De La Cruz, Esq.<br>adelacruz@orrick.com<br>Orrick, Herrington & Sutcliffe LLP<br>4 Park Plaza, Suite 1600,<br>Irvine, California 92614-2558 |

Erica D. Wilson