IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REALTIME DATA, LLC d/b/a IXO,<br><br>Plaintiff<br><br>vs.<br><br>PACKETEER, INC., CITRIX SYSTEMS, INC., EXPAND NETWORKS, INC., F5 NETWORKS, INC., 7-ELEVEN, INC., ABM INDUSTRIES, INC., ABM JANITORIAL SERVICES -SOUTH CENTRAL, INC., AVERITT EXPRESS, INC., BUILD-A-BEAR WORKSHOP, INC., DHL EXPRESS (USA), INC., INTERSTATE BATTERY SYSTEM OF AMERICA, INC., O'REILLY AUTOMOTIVE, INC., and BLUE COAT SYSTEMS, INC.,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § §  NO.  6:08CV144-LED |

### DECLARATION OF JEFFREY CHRISTIANSON IN SUPPORT OF MOTION FOR CHANGE OF VENUE

I, Jeffrey Christianson, hereby declare as follows:

1.      I am Senior Vice President and General Counsel for defendant F5 Networks, Inc. ("F5") I submit this declaration in support of defendants' motion for change of venue and to explain, in particular, while the United States District Court for the Northern District of California is a much more convenient forum for F5 and its witnesses than is this Court. I make this declaration from my own personal knowledge and, if called to testify as to matters discussed herein, could testify competently thereto.

2.      F5 has no offices in the Eastern District of Texas. F5 did not develop any of the accused products in the Eastern District of Texas. I am aware of no witnesses in the Eastern District of Texas. I am aware of no events or activities relevant to this case that occurred in the

34897-0015/LEGAL15162559.1

Eastern District of Texas. In fact, I am not aware of any significant connection that this district has to the facts at issue in this litigation.

3. F5 is based in Seattle, Washington. Our second largest facility is an important product development and marketing office in San Jose, California. San Jose would be a much more convenient venue for F5 and its witnesses.

4. The products accused by Realtime of infringement were primarily developed in either San Jose or Seattle. The accused WANJet product, for example, was developed in San Jose, and the accused BIG IP products were developed in Seattle.

5. The witnesses most familiar with the design, development, functionality, marketing and sales of the accused product reside in either the Seattle, Washington or San Jose, California areas. F5 expects to call at trial witnesses residing in both of those areas. As an example, F5 has identified Saxon Amdahl as a witness in its Fed. R. Civ. P. 26(a) disclosures. . Mr. Amdahl is the person most knowledgeable regarding the design, development, and functionality of the accused WANJet products. Mr. Amdahl resides in the San Jose area. The remaining employees that F5 intends to call as witnesses reside in the Seattle area.

6. Northern California, including San Jose, is a significantly more convenient forum for all of F5's employees, including each of the witnesses identified in our 26(a) disclosures. There are more flights available from Seattle to Northern California (e.g., San Francisco, Oakland or San Jose) than to the Eastern District of Texas, the drive from major airports to the courthouse is considerably shorter (i.e., approximately one half hour as compared to what I understand is more than a two hour drive from Dallas to Tyler), the flights are shorter (e.g., approximately one and a half hours as compared to approximately four hours to and from Dallas), and much less expensive. Travel by our employees to the Eastern District of Texas will

require much more time away from their respective offices and normal job duties. This would create a significant hardship for F5 and our other employees, particularly since the current economic environment is requiring most companies, including F5, to reduce staffing levels. It will be a significant burden for F5 to fly its witnesses to Tyler for the trial, especially as compared to a court in San Jose or Northern California.

7. All of F5's relevant documents and tangible things relating to the design, development, functionality, marketing and sales of F5's accused products are located at F5's offices in Seattle or San Jose. This evidence includes documents relating to the accused products and samples and prototypes of these accused devices. All of F5's proprietary source code is located, in the ordinary course of business, at F5 headquarters. To the extent sample products or other such exhibits must be transported to trial, it is more convenient if the trial is in San Jose or Northern California.

8. Plaintiff has also sued one of F5's customers – Averitt Express—apparently because they purchased a single product from F5. F5 has agreed to defend Averitt in this action. I do not believe that Averitt or F5 will call any Averitt witnesses to trial. Averitt's witnesses do not appear to have any relevant knowledge to this dispute.

> I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on January 14, 2009 in Seattle, Washington.

JEFFREY CHRISTIANSON