IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **REALTIME DATA, LLC D/B/A/ IXO,**<br><br>          **Plaintiff,**<br><br>     v.<br><br>**PACKETEER, INC.,**<br>**BLUE COAT SYSTEMS, INC.,**<br>**CITRIX SYSTEMS, INC.,**<br>**EXPAND NETWORKS, INC.,**<br>**F5 NETWORKS, INC.,**<br>**7-ELEVEN, INC.,**<br>**ABM INDUSTRIES, INC.,**<br>**ABM JANITORIAL SERVICES –**<br>          **SOUTH CENTRAL, INC.,**<br>**AVERITT EXPRESS, INC.,**<br>**BUILD-A-BEAR WORKSHOP, INC.,**<br>**DHL EXPRESS (USA), INC.,**<br>**INTERSTATE BATTERY SYSTEM OF**<br>          **AMERICA, INC., AND**<br>**O'REILLY AUTOMOTIVE, INC.**<br><br>          **Defendants.** | Civil Action No. 6:08-cv-144 LED<br><br>**JURY TRIAL DEMANDED**<br><br>**DECLARATION OF ERICA D. WILSON IN SUPPORT OF CITRIX SYSTEMS, INC.'S MOTION TO LIMIT CLAIMS** |

I, Erica D. Wilson, declare and state the following:

1.     I am a partner with the law firm of Goodwin Procter LLP, counsel of record for Citrix Systems, Inc. ("Citrix"), a named defendant in the above-captioned action. I am admitted to practice before this Court. I am over the age of eighteen and I make this declaration from my own personal knowledge. If called to testify as to the matters discussed herein, I could and would testify competently thereto.

2.     On August 25, 2008, Plaintiff Realtime Data, LLC ("Realtime") served "Realtime Data, LLC's P.R. 3-1 Disclosures and Preliminary Infringement Contentions ("Infringement Contentions"). In their Infringement Contentions, Realtime alleged that Citrix infringes a total

of 91 claims appearing in 7 patents. Realtime asserted over 100 claims total against Defendants. Attached hereto as Exhibit A is a true and correct copy of Realtime's Infringement Contentions dated August 25, 2008.

3. On October 20, 2008, Citrix began its production of documents pursuant to P.R. 3-4(a). Attached hereto as Exhibit B is a true and correct copy of an October 20, 2008 letter from Ms. Noel Nurrenbern, Senior Paralegal at Goodwin Procter LLP, to Mr. Kenneth Herman of Ropes & Gray LLP, counsel for Realtime Data LLC, enclosing documents produced pursuant to Patent Local Rule 3-4(a). Citrix completed its Patent Local Rule 3-4(a) document production on October 30, 2008. Attached hereto as Exhibit C is a true and correct copy of an October 30, 2008 letter from Mr. Steven Tang of Goodwin Procter LLP, to Mr. Jordan Adler, counsel for Realtime Data LLC, completing Citrix's production pursuant to Patent Local Rule 3-4(a). On October 30, 2008, Citrix made every released version of the source code for its accused products available to Plaintiff on a dedicated server that was accessible to Plaintiff 24 hours a day, seven days a week. Citrix also provided detailed written instructions on how to access Citrix's source code. *See* Ex. B. Realtime did not attempt to access this source code until December 30, 2008.

4. On November 6, 2008 I sent an electronic email to counsel for Realtime, Ms. Padmaja Chinta, requesting a meet and confer to discuss reducing the number of asserted claims to an amount that reasonably could be presented at trial. Attached hereto as Exhibit D is a true and correct copy of my email to Ms. Chinta requesting a meet and confer. Ms. Chinta responded the next day stating:

> As we have indicated to some of the defendants previously, Realtime is willing to have a meet and confer to discuss reducing the number of asserted claims at the appropriate time. We, however, believe that having such a discussion right now will not be

**WILSON DECLARATION ISO CITRIX'S MOTION TO LIMIT CLAIMS– Page 2**

productive.  As you know, defendants have just produced their documents relating to the accused products.  We received more than half a million pages of production.  At a minimum, we need to review all of these documents to have a meaningful discussion.  Moreover, Realtime has already made a good faith attempt to focus the number of claims asserted in this action.  We asserted only a fraction of the approximately 350 total claims found in the asserted patents.  We have also provided detailed infringement contentions for each asserted claim for each accused product.  We expect that defendants will respond to our contentions as provided by the local rules.  If defendants still want to meet and confer, please propose some times when defendants' counsel are available.

Attached hereto as Exhibit E is a true and correct copy of Ms. Chinta's email to me, dated November 7, 2008.

5.Defendants served their preliminary invalidity contentions on December 8, 2008.  (Doc. No. 158.)  On December 19, 2008, the parties exchanged their proposed lists of claim terms for construction.  (Doc Nos. 165 and 167.)

6.On January 6, 2009, I sent an email to counsel for Realtime, Ms. Priti Langer, with copies to Ms. Chinta, and other Realtime counsel including Mr. Kenneth Herman, Ms. Ching-Lee Fukuda, Ms. Patricia Martone, Mr. Karim Oussayef, Mr. Jordan Adler and Mr. John Bufe, asking that a discussion regarding reducing the number of asserted claims be added to a list of claim construction issues about which the parties would be conferring.  In my email I explained that Realtime had Defendants' invalidity contentions for nearly a  month.  Attached hereto as Exhibit F is a true and correct copy of my January 6, 2009 email.  As mentioned above, Realtime had all of Citrix's documents sufficient to show how its accused products work, including the source code for Citrix's accused devices, since October 30, 2008.

7. The parties participated in a telephonic meeting on January 6, 2009. Realtime's counsel, Ms. Ching-Lee Fukuda and I discussed, among other things, Citrix's request that Realtime reduce the number of asserted claims to an amount that could reasonably be presented at trial. I explained to Ms. Fukuda that since the parties were currently working on claim construction, reducing the number of asserted claims would allow all parties to focus their claim construction disputes. Ms. Fukuda stated that Realtime was not willing to reduce the number of asserted claims, stating that Defendants' document production was incomplete, and that until it was complete Realtime could not consider reducing the number of claims. I explained to Ms. Fukuda that documents sufficient to show how Citrix's accused products worked – including the source code for those products – had been available to Realtime since October 30, 2008. I asked Ms. Fukuda to identify the deficiencies in Citrix's document production to which she was referring. She was unable to do so.

8. On January 18, 2009, the parties exchanged email correspondence regarding the agenda for a January 20, 2009 meet and confer. Included on the agenda was Citrix's proposed motion to limit the number of asserted claims. Attached hereto as Exhibit G is a true and correct copy of Citrix's counsel's email to counsel, dated January 18, 2009.

9. On January 20, 2009, lead counsel for all of the parties, and their local counsel participated in a telephonic meet and confer to discuss, among other issues, Citrix's request that Realtime reduce the number of asserted claims to an amount that could reasonably be presented at trial. Discussion first centered on supposed deficiencies in Defendants' document production, with Realtime's counsel, Mr. Kenneth Herman, leading the discussion on behalf of Realtime. I explained to Mr. Herman that Realtime had not identified any deficiencies in Citrix's document production, and I did not understand to what deficiencies Mr. Herman was referring. Mr.

Herman stated that the discussion of deficiencies in document production did not apply to Citrix. Later discussion turned to Citrix's request that Realtime reduce the number of asserted claims to an amount that could reasonably be presented at trial. I stated that Citrix would move the Court for an order reducing the number of asserted claims if Realtime refused to reduce the number of asserted claims. Mr. Herman told me that Realtime was working on reducing the number of asserted claims, and would let Citrix know by Friday, January 23, 2009.

10. On Friday, January 23, 2009, I received a letter from Mr. Herman's colleague, Mr. Tai Kedem, identifying claims that Realtime would no longer be asserting. Realtime withdrew 7 claims, bringing the total number of claims asserted against Citrix to 81. Attached hereto as Exhibit H is a true and correct copy of Mr. Kedem's January 23, 2009 letter.

11. Attached hereto as Exhibit I is a true and correct copy of a January 26, 2009 letter from Mr. Steven Tang of Goodwin Procter LLP to Kenneth B. Herman of Ropes & Gray LLP disclosing Defendants' proposed claim constructions pursuant to Patent Local Rule 4-2.

12. Attached hereto as Exhibit J is a true and correct copy of Realtime Data's January 26, 2009 Proposed Terms and Claim Elements for Construction Pursuant to E.D. Texas P.R. 4-2.

13. Attached hereto as Exhibit K is a true and correct copy of *ReRoof America Inc. v. United Structures of America, Inc.*, Nos. 98-1378, -1430, 1999 WL 674517 (Fed. Cir. Aug. 30, 1999).

14. Attached hereto as Exhibit L is a true and correct copy of *Kearns v. Gen. Motors Corp.*, No. 93-1535, 1994 WL 386857 (Fed. Cir. Aug. 24, 1994).

15. Attached hereto as Exhibit M is a true and correct copy of *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. Civ.A.04-0038 JJF, 2005 WL 2304190 (D. Del. Sept. 20, 2005).

16. Attached hereto as Exhibit N is a true and correct copy of *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-CV-104, 2008 WL 2485426 (E.D. Tex. June 13, 2008).

17. Attached hereto as Exhibit O is a true and correct copy of *Data Treasury Corp. v. Wells Fargo and Co.*, No. 2:06-CV-72 (DF) (E.D. Tex. Oct. 25, 2006) (order).

18. Attached hereto as Exhibit P is a true and correct copy of *Katz Tech. Licensing, L.P v. Citibank*, No. 5:05-CV-142 (DF) (E.D. Tex. Jan. 27, 2006) (order).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on February 5, 2009 at Menlo Park, California.

  /s/ Erica D. Wilson_____
    Erica D. Wilson