IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC D/B/A IXO, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION No. 6:08cv144 | |
| § | | |
| PACKETEER, INC., et al., § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Citrix Systems, Inc.'s ("Citrix") Motion to Limit Claims ("Motion") (Doc. No. 184). Defendants Blue Coat Systems, Inc. ("Blue Coat"); Packeteer, Inc. ("Packeteer"); 7-Eleven, Inc. ("7-Eleven"); ABM Industries, Inc. ("ABM"); ABM Janitorial Services-South Central, Inc. ("ABMJ"); Build-A-Bear Workshop, Inc. ("BAB"); DHL Express (USA), Inc. ("DHL"); Expand Networks, Inc. ("Expand"); Interstate Battery System of America, Inc. ("IBSA"); and O'Reilly Automotive, Inc. ("O'Reilly") (collectively, "Defendants") have joined Defendant Citrix's Motion. (Doc. No. 226).[1] Plaintiff Realtime Data Inc. ("Realtime") has filed a Response to Defendant Citrix System Inc.'s Motion to Limit Claims ("Response") (Doc. No. 218), as well as a Surreply in Opposition to Defendants' Motion to Limit Claims (Doc. No. 245). Defendants Blue Coat, Packeteer, 7-Eleven, ABM, ABMJ, and BAB also filed a Reply Brief in Support of Their Motion to Limit Claims (Doc. No. 237), and Defendant Citrix filed a separate Reply Brief in Support of Motion to Limit Claims (Doc. No. 240). Having fully considered the

---

[1] The remaining Defendants—F5 Networks, Inc. ("F5") and Averitt Express, Inc. ("Averitt")—neither join nor oppose the instant Motion.

parties' arguments and for the reasons set forth herein, Defendants' Motion to Limit Claims is **DENIED** at this time.

## BACKGROUND

On April 18, 2008, Plaintiff filed the instant lawsuit against Defendants, alleging infringement of nine patents.[2] Five of the Defendants—Blue Coat, Packeteer, Citrix, F5, and Expand ("Manufacturing Defendants")—manufacture equipment.[3] The remaining Defendants ("Customer Defendants") are customers of the Manufacturing Defendants. On August 25, 2008 Plaintiff served its infringement contentions, alleging that Defendants collectively infringed over one-hundred claims from the nine asserted patents. MOTION, WILSON DEC., EXH. A at 2–4. Plaintiff asserts numerous claims against each of the Defendants. *Id.*

On February 6, 2009, Defendant Citrix filed the instant Motion, requesting a limit on the number of claims asserted by Plaintiff "to a number that can reasonably be presented at trial." MOTION at 1. Plaintiff currently asserts eighty-four (84) claims against Citrix. *Id.* Citrix seeks a limitation of three claims per patent or twenty-one claims total. *Id.*

## LEGAL STANDARD

Although the Federal Circuit has not squarely addressed the issue, the Court has affirmatively acknowledged the district court practice of limiting asserted claims in patent cases for the purpose of manageability, so long as the party opposing the limitation is not prejudiced. *See ReRoof America, Inc. v. United Structures of American, Inc.*, 215 F.3d 1351 (table), 1999 WL 6374517, *4–*5 (Fed. Cir. 1999) (unpublished) (affirming judgment from trial court because plaintiff failed

---

[2] Defendant Blue Coat was added by Plaintiff's First Amended Complaint (Doc. No. 58).

[3] Packeteer is a subsidiary of Blue Coat, MOTION at 5, and therefore at times these two Defendants will be addressed together.

to show prejudice from trial court's order requiring plaintiff to limit claims for trial); *Kearns v. General Motors Corp.*, 31 F.3d 1178 (table), 1994 WL 386857, *2–*3 (Fed. Cir. July 26, 1994) (unpublished) (affirming trial court's dismissal of case because plaintiff failed to comply with trial court's order to limit number of asserted claims for trial).

Further, courts in this District have, at times, required plaintiffs to limit the number of asserted claims in a case for patent infringement when the number of claims is so large as to make the case inefficient and unmanageable. *See Negotiated Data Solutions, LLC v. Dell, Inc.*, No. 2:06-cv-528, 1 (E.D. Tex. July 31, 2008) (Everingham, J.) (ordering plaintiff to limit asserted claims to 40 on or before the due date for its opening *Markman* brief); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07-cv-104, 2008 WL 2485426, *1 (E.D. Tex. June 13, 2008) (Folsom, J.) (order parties to elect no more than ten claim terms for construction and further ordering plaintiff to select no more than three representative claims from each asserted patent for claim construction and trial); *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, No. 5:06-cv-222, 1 (E.D. Tex. Jan. 22, 2007) (Folsom, J.) (setting date for plaintiff to serve infringement contentions "not to exceed 27 representative claims"); *Data Treasury Corp. v. Wells Fargo and Co.*, No. 2:06-cv-72, 3–5 (E.D. Tex. Oct. 25. 2006) (Folsom, J.) (ordering plaintiff to limit claims to no more than fifty for all asserted patents); *Ronald A. Katz Technology Licensing, L.P. v. Citibank*, No. 5:05-cv-142, 5–7 (E.D. Tex. Jan. 27, 2006) (Folsom, J.) (ordering plaintiff to put forth representative claims).

## DISCUSSION

Defendant Citrix argues that Plaintiff should be required to designate "representative claims" for the purposes of streamlining the case. MOTION at 5–6. Defendant contends that the Court has

the authority to limit Plaintiff's claims to a reasonable number in order to prevent the case from becoming overly voluminous and burdensome for both the parties and the Court. *Id.* at 6–7.

Plaintiff responds that the instant Motion is unnecessary, premature, and prejudicial. RESPONSE at 1, 10. Plaintiff argues that the appropriate time for it to narrow the asserted claims is after the parties file their expert reports. *Id.* at 3. Moreover, Plaintiff argues that Defendants' invalidity counterclaims are an important factor in narrowing the asserted claims, and currently, Defendants' invalidity contentions include over five hundred prior art references. *Id.* at 3.

Defendant Citrix cites to an unpublished case from the Federal Circuit—*ReRoof America, Inc. v. United Structures of American, Inc.*—in support of its argument that district courts have required plaintiffs to streamline their cases, at times, to just one claim per patent. 215 F.3d 1351, 1999 WL 6374517 (Fed. Cir. 1999). On appeal, ReRoof contended that the trial court abused its discretion by restricting the number of claims that it could present at trial. *Id.* at *1. Before trial, ReRoof selected eighteen representative claims from the give asserted patents to present to the jury. *Id.* The trial court later ordered ReRoof to choose a single claim from each patent to present. *Id.* On appeal, the Federal Circuit found that it was "unnecessary . . . to decide whether the trial court's order requiring ReRoof to choose a single claim from each patent for trial was error" because ReRoof failed to show that it was prejudiced by the limitation on claims presented to the jury. *Id.* at *4.

Defendant also points to cases from this District in support of the instant Motion.[4] Most recently in *Hearing Components, Inc. v. Shure, Inc.*, the parties filed a motion to exceed the allotted page limitations for their *Markman* briefing due to the large number of patents and claims at issue. No. 9:07-cv-104, 2008 WL 2485426, *1 (E.D. Tex. June 13, 2008) (Folsom, J.). The Court noted that it expected "the parties and their attorneys to limit the terms they ultimately submit for construction to those that might be unfamiliar or confusing to the jury, or which are unclear or ambiguous in light of the specification and patent history." *Id.* The Court then ordered the parties to select no more than ten disputed claim terms for construction and further ordered the plaintiff to select no more than three representative claims from each patent to assert for both claim construction and trial. *Id.*

Similarly, in *Data Treasury Corp. v. Wells Fargo and Co.*, the defendants argued that the Court should limit the number of claims asserted by the plaintiff in order for the case to proceed "in an expeditious manner." No. 2:06-cv-72, 3–5 (E.D. Tex. Oct. 25. 2006) (Folsom, J.). The plaintiff asserted 224 claims from six patents, and defendants argued this made the case "unmanageable and create[d] a plethora of discovery problems." *Id.* In response, the plaintiff argued that such a limitation would unfairly prejudice the plaintiff's case and that the claims should not be limited until after discovery had concluded. *Id.* While trying to balance the rights of the patentee with the Court's authority to manage its docket, the Court determined that such a voluminous number of asserted claims would be "extremely burdensome on both the parties and the Court,"

---

[4]In response, Plaintiff cites to *911 EP, Inc. v. Whelan Eng'g Co.* In support of its argument that the instant Motion is premature. No. 2:05-cv-137 (E.D. Tex. Aug. 11, 2006) (summarily denying defendants' motion to limit number of asserted claims without prejudice to re-urging after the claim construction proceedings). The Court does not read this interim order consisting of a single sentence as setting such precedent.

in addition to potentially confusing for a jury *Id.* at 3–4. The Court noted that it "would prefer the parties to address such issues among themselves, but when that does not happen the Court must intervene." *Id.* at 4. Therefore, the "[p]laintiff should be limited, at this juncture, to a reasonable number of representative claims." *Id.* at 4. The Court then ordered the plaintiff to limit its asserted claims to no more than eighteen claims per defendant group, while reserving the right to further limit the claims. *Id.* at 4–5. This Order issued on October 25, 2006—eleven months before the scheduled September 24, 2007 *Markman* date. *Id.* at 1.

While it is undisputed that a district court has the authority to mange its docket, *see STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 848 (E.D. Tex. 2004) (collecting citations), the Federal Circuit has not directly addressed the issues surrounding when and how a district court may limit the asserted claims in a patent case. Here, Plaintiff has asserted eight patents and over one hundred claims against Defendants. MOTION, WILSON DEC., EXH. A at 2–4. As noted by the Court in *Data Treasury*, managing such a large number of asserted claims through discovery, claim construction, dispositive motions, and trial is "extremely burdensome on both the parties and the Court," in addition to potentially confusing for a jury No. 2:06-cv-72 at 3–4. However, Defendant Citrix filed the instant Motion on February 6, 2009, and it was ripe for the Court to review on February 23, 2009. The *Markman* hearing is set for April 9, 2009. To arbitrarily limit the number of claims that Plaintiff may assert at this point—long before discovery has closed—will result in prejudice to Plaintiff. Further, such a limitation so close to the *Markman* hearing will not help the parties, nor the Court, prepare for the upcoming hearing. Thus, the Court finds it inappropriate to grant Defendants' Motion at this time.

Yet, this Court has the authority to manage its docket, and going forward, it is unreasonable to expect either party to conduct a trial on over one-hundred asserted claims. Such a trial would be overly-burdensome on the parties, the Court, and a jury. Moreover, it is unreasonable to expect either party to submit dispositive motions on such a large number of claims. Thus, the Court will limit the number of asserted claims, *sua sponte* if necessary, in order to focus the case in preparation for the filing of dispositive motions and for trial.

Given the approaching *Markman* hearing date, the Court finds that claim construction should move forward as currently scheduled. Plaintiff has indicated that there are currently sixty-four (64) disputed claim terms at issue. REALTIME DATA'S OPENING CLAIM CONSTRUCTION BRIEF (Doc. No. 238) at 1. The parties are expected to limit the disputed claim terms for the *Markman* hearing to actual disputes needing resolution by the Court, and the Court expects this to be a manageable number. Should the parties fail to present a manageable number, the Court reserves the right to limit the disputed claim terms that the Court will address. Moving forward after the *Markman* hearing, the Court would prefer the parties to address the issue of limiting claims among themselves and come to an agreement regarding a manageable number of claims to move forward on after the close of discovery. Should the parties fail to agree, the Court will consider competing proposals. Whether the Court is presented with an agreement or competing proposals, the Court will generate an appropriate order after consideration of the parties' submissions.

## **CONCLUSION**

For all the foregoing reasons, Defendants' Motion to Limit Claims is **DENIED** at this time. The parties are **ORDERED** to appear for a telephone conference on **Monday, March 23, 2009** at **2:00 p.m.** to discuss the claim terms to be addressed by the Court. The parties are further

7

**ORDERED** to submit to the Court an agreement or competing proposals regarding how to narrow this case to effectively prepare for trial on or before **Monday, July 20, 2009**. This agreement or the competing proposals should address which Defendants and which claims Plaintiff will maintain after the close of discovery, and the Court expects this to be a significantly limited or representative class of claims in order to effectively prepare for trial. Thereafter, the Court will enter an order setting forth the Defendants and asserted claims that will go to trial in January 2010.

**So ORDERED and SIGNED this 16th day of March, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE