IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **REALTIME DATA, LLC D/B/A/ IXO,**<br><br>     **Plaintiff,**<br><br>  v.<br><br>**PACKETEER, INC.,**<br>**BLUE COAT SYSTEMS, INC.,**<br>**CITRIX SYSTEMS, INC.,**<br>**EXPAND NETWORKS, INC.,**<br>**F5 NETWORKS, INC.,**<br>**7-ELEVEN, INC.,**<br>**ABM INDUSTRIES, INC.,**<br>**ABM JANITORIAL SERVICES –**<br>     **SOUTH CENTRAL, INC.,**<br>**AVERITT EXPRESS, INC.,**<br>**BUILD-A-BEAR WORKSHOP, INC.,**<br>**DHL EXPRESS (USA), INC.,**<br>**INTERSTATE BATTERY SYSTEM OF**<br>     **AMERICA, INC., AND**<br>**O'REILLY AUTOMOTIVE, INC.**<br><br>     **Defendants.** | **Civil Action No. 6:08-cv-144 LED**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CITRIX SYSTEMS, INC.'S SUR-REPLY IN OPPOSITION TO
PLAINTIFF REALTIME DATA, LLC'S MOTION FOR RECONSIDERATION OF ITS
MOTION FOR LEAVE TO FILE AMENDED INFRINGEMENT CONTENTIONS**

Citrix Systems, Inc. ("Citrix") hereby submits this Sur-Reply in Opposition to Plaintiff

Realtime Data LLC's ("Realtime") Motion For Reconsideration Of Its Motion For Leave To File

Amended Infringement Contentions (D.I. 545).

**I.   REALTIME HAS DEMONSTRATED NO ERROR IN JUDGE LOVE'S ORDER
     THAT WOULD WARRANT RECONSIDERATION**

Realtime has not, and indeed cannot, demonstrate that Judge Love's Order denying its

Motion For Leave To File Amended Infringement Contentions (D.I. 506) is in any fashion

1

clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72. Judge Love denied Realtime's motion because Realtime was not **diligent**, and Citrix would be **severely prejudiced** by the sweeping amendments (including 27 new infringement contentions) that Realtime proposed. Indeed, Judge Love held "Plaintiff's lack of diligence in seeking leave to amend, combined with the severe prejudice Defendants would face . . . outweighs the importance of allowing the proposed amendments." (D.I. 506 at 12.) Realtime identifies no error in Judge Love's ruling.

Realtime has no excuse for its lack of diligence:

- Realtime has **no** explanation for its failure to even attempt to access Citrix's source code (which was available to it 24 hours a day, 7 days a week) until **two months** after Citrix produced it.

- Realtime does not and cannot identify a **single** document that it did not have in its possession by October 2008 that it required in order to craft its new infringement contentions. (D.I. 367 at 4-6, 9-10 and Appendix B to D.I. 361.)

- Realtime has no explanation for its failure to promptly review Citrix's technical documents produced by October 2008.

- Realtime does not identify any deposition testimony that it needed in order to craft its infringement contentions.

- Although Realtime argues that it needed deposition testimony, Realtime does not explain why it waited **seven months** after serving its original infringement contentions to notice a deposition of Citrix's witnesses.

Realtime again complains that it needed deposition testimony to **confirm** its new infringement theories. (D.I. 613 at 3, n.1.) That assertion was already rejected by Judge Love who found that "infringement contentions are intended to frame the scope of the case in order to

2

provide for 'full, timely discovery and [to] provide parties with adequate notice and information with which to litigate their case.'" (D.I. 506 at 8 quoting *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007).) "'Confirming' theories of infringement is a task left to discovery, while the preparation and supplementation of infringement contentions is a matter of pleading and merely notifies a defendant of the asserted theories of infringement in order to provide adequate notice and streamline discovery." (D.I. 506 at 9-10 quoting *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-cv-559, 2009 WL 81874, at *3 (E.D. Tex. 2009).) "Thus, [Realtime] was not required to wait until it 'confirmed' new theories of infringement before filing [its motion to amend]." (D.I. 506 at 10.)

Realtime argues that Citrix would not be prejudiced by its amendments because of the Court's July 22, 2009 Order requiring Realtime to select one patent to pursue against each Defendant at the January trial while holding others in abeyance. (D.I. 613 at 5.) Realtime, however, ignores the facts:

- Citrix relied on Realtime's original infringement contentions as a framework for proceeding through claim construction, discovery and pretrial preparation.
- Fact and expert discovery are closed, and claim construction proceedings have concluded.
- Realtime's proposed amended infringement contentions include 27 new infringement contentions. (*See* D.I. 367 at 6-7.) Addressing these contentions would require that the case be re-litigated from the beginning. Discovery would have to be reopened. Citrix would have to undertake new prior art searches to be conducted and prepare new invalidity contentions. New expert reports would have to be prepared, and claim construction proceedings would have to be

3

revisited.

The Court's July 22 Order was aimed at reducing the number of claims and patents to be presented to the jury to a manageable number. (D.I. 423.) It is not license for Realtime to wholesale amend its infringement contentions, reopen fact and expert discovery, and relitigate this case from the beginning.

Finally, the fact that Realtime is now precluded from bringing its new infringement contentions is the result of Realtime's own lack of diligence and disregard for the rules of this Court. *See Orion IP, LLC v. Home Depot USA, Inc.*, No. 2:05-CV-306, 2005 U.S. Dist. Lexis 45632, at *3 (E.D. Tex. Oct. 7, 2005); *Glitsch, Inc. v. Koch Eng'g Co.,* 216 F.3d 1382, 1386 (Fed. Cir. 2000) (finding that a party is not entitled to use a second action to collaterally attack an order from the first action denying motion to amend). As Judge Love found: "It is also notable that Plaintiff chose to litigate this case in this District. . . . When Plaintiff filed the instant lawsuit, it should have been prepared for the aggressive discovery and trial schedule necessitated by filing a multi-party, multi-patent case in this District." (D.I. 506 at 11.)

Realtime has no justification for its dilatory conduct. Accordingly, Realtime's motion for reconsideration must be denied.

## II.    CONCLUSION

For the foregoing reasons and the reasons set forth in Citrix's Opposition to Realtime's Motion for Reconsideration (D.I. 572), Citrix respectfully requests that Realtime's Motion For Reconsideration Of Its Motion For Leave To File Amended Infringement Contentions be DENIED.

Dated:  October 5, 2009	Respectfully submitted,

By:  /s/ Erica D. Wilson
Gerald P. Dodson
CA State Bar No. 139602
GDodson@goodwinprocter.com
Erica D. Wilson
CA State Bar No. 161386
EWilson@goodwinprocter.com
Byron W. Cooper
CA State Bar No. 166578
BCooper@goodwinprocter.com
Gregory S. Bishop
CA State Bar No. 184680
GBishop@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California  94025
Tel.:  650.752.3100
Fax:  650.853.1038

David J. Goldstone
MA State Bar No. 628866
DGoldstone@goodwinprocter.com
Goodwin Procter LLP
53 State Street
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax: (617) 523-1231

Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Counsel for Defendant and Counterclaim
Plaintiff CITRIX SYSTEMS, INC.

5

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed under seal and was served electronically on all counsel who have consented to electronic service in compliance with Local Rule CV-5(a)(7)(C). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 5th day of October, 2009.

>  /s/
> Erica D. Wilson