UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REALTIME DATA, LLC d/b/a/ IXO, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> PACKETEER, INC., CITRIX SYSTEMS, § <br> INC., EXPAND NETWORKS, INC., F5 § <br> NETWORKS, INC., 7-ELEVEN, INC., ABM § <br> INDUSTRIES, INC., ABM JANITORIAL § <br> SERVICES-SOUTH CENTRAL, INC., § <br> AVERITT EXPRESS INC., BUILD-A-BEAR § <br> WORKSHOP, INC., DHL EXPRESS (USA), § <br> INC., INTERSTATE BATTERY SYSTEM § <br> OF AMERICA, INC., O'REILLY § <br> AUTOMOTIVE, INC., and BLUE COAT § <br> SYSTEMS, INC., § <br> § <br> Defendants. § | Civil Action No. 6:08cv144-LED <br> Hon. Leonard Davis |

**BLUE COAT DEFENDANTS' SUR-REPLY TO REALTIME DATA'S REPLY TO CITRIX SYSTEMS, INC.'S AND BLUE COAT DEFENDANTS' OPPOSITION TO REALTIME DATA'S MOTION FOR RECONSIDERATION OF ITS MOTION FOR LEAVE TO FILE AMENDED INFRINGEMENT CONTENTIONS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. REALTIME WAS NOT DILIGENT IN AMENDING ITS INFRINGEMENT
CONTENTIONS.................................................................................................................. 1

    A. There is No Clear Error in Judge Love's Determination that Realtime was
not Diligent in Amending its Contentions ............................................................... 1

    B. The Information Relied on by Realtime in its Amended Contentions was
Publicly Available on Blue Coat's Website Before the Lawsuit was Filed .......... 2

III. AMENDING THE INFRINGEMENT CONTENTIONS WILL PREJUDICE
THE BLUE COAT DEFENDANTS ................................................................................. 3

    A. Realtime Seeks to Assert New Claims Against New Product Features................. 3

    B. The Blue Coat Defendants Relied on Realtime's Original Infringement
Contentions in Formulating Their Strategy, and Will be Prejudiced if the
Amendment is Allowed ............................................................................................ 4

    C. Delaying the Trial Date Does Not Alleviate the Prejudice to the Blue Coat
Defendants ................................................................................................................ 4

IV. CONCLUSION.................................................................................................................... 5

## I. INTRODUCTION

Realtime Data, LLC's ("Realtime") reply parrots the same incorrect statement of the facts that Judge Love has already considered and properly rejected. There is a robust record of Realtime's lack of diligence. Realtime has no-one to blame but itself; the defendants did not prevent Realtime from complying with this Court's scheduling order and the local patent rules. Realtime chose to sue 13 defendants for allegedly infringing 9 patents in this district, and should have been better prepared to prosecute this case. Realtime fails to demonstrate any error in the Court's order.

## II. REALTIME WAS NOT DILIGENT IN AMENDING ITS INFRINGEMENT CONTENTIONS

### A. There is No Clear Error in Judge Love's Determination that Realtime was not Diligent in Amending its Contentions

In order to prevail, Realtime must demonstrate that the Court's order is clearly erroneous. Realtime has failed to do so. The Court properly found Realtime's delay in the filing of this motion to be unreasonable: "Waiting nine months after serving the Original Infringement Contentions to seek leave to amend is not a reasonable period of time, especially taking into account that this case is set for trial less than two years after filing." Docket No. 506, p. 8 (citations omitted). The undisputed facts support the Court's order:

- Realtime had no expert cleared under the protective order to review the Blue Coat source code when it was made available in October 2008. Docket No. 573, p. 1.

- Blue Coat produced the source code in a keyword searchable format. *Id*. This format allowed Realtime to find the relevant compression-related source code by performing a simple search for the term "compression."

- Realtime waited 10 weeks before even beginning to review the available source code. *Id*.

- In October and December 2008, Blue Coat produced and identified key documents explaining how the accused products work and how the source code functions. These documents identify the compression-related portions of the source code. *See id*. at 2-

3.

- Realtime waited for 7 months after reviewing the source code, and having in its possession the key technical documents, before filing its motion to amend its infringement contentions.

Realtime tries to excuse its delay in moving to amend its infringement contentions by blaming the magnitude of the defendants' production. Docket No. 613, pp. 2-3. The Court considered and rejected this excuse based on the undisputed facts. As the Court observed, Realtime intentionally chose this venue, knowing full well the reputation of the Eastern District of Texas as being a fast track forum for patent cases.[1] *See* Docket No. 506, p. 11. Realtime cannot now "use the complexity of this case as an excuse for its lack of diligence or initial preparation. [Realtime] affirmatively took on the task of managing and prosecuting a lawsuit with twelve defendants, nine patents, and over one-hundred claims." Docket No. 506, p. 10.

Realtime's attempt to blame the defendants for its lack of diligence likewise fails. As the Court aptly noted, Realtime could have sought (but did not seek) the Court's intervention if it truly had problems with the schedule or with the defendants. *See* Docket No. 506, p. 11 ("Plaintiff never requested an extended schedule, nor sought assistance from the Court in resolving discovery disputes that were prolonging disclosures until May 19, 2009 – thirteen days before filing the instant Motion").

In sum, Realtime's arguments have been considered and rejected. The undisputed facts show that there is no clear error in the Court's ruling that Realtime "has not shown diligence, nor a reasonable explanation for the lack thereof." Docket No. 506, p. 11.

### B. The Information Relied on by Realtime in its Amended Contentions was Publicly Available on Blue Coat's Website Before the Lawsuit was Filed

The correctness of the Court's order is further confirmed by the fact that Realtime's

---

[1] "It is also notable that Plaintiff chose to litigate this case in this District…. When Plaintiff filed the instant lawsuit, it should have been prepared for the aggressive discovery and trial schedule necessitated by filing a multi-
(continued…)

amended infringement contentions are based on information that was publicly available (from Blue Coat's website) <u>before</u> Realtime brought this action:

- Blue Coat's public website contained numerous documents that described how the byte caching technology worked, and how it was used together with compression. Beckwith Decl., ¶7, Exhibit B; Coffin Decl., Exhibits 1-8.

- Blue Coat's public website explained that ProxySG uses multiple processors to perform compression. Docket No. 573, p. 6.

- Blue Coat's public website disclosed that ProxySG uses gzip/deflate (Lempel-Ziv encoders) to perform compression. Docket No. 573, pp. 6-7.

This publicly available information would have been sufficient to meet the standard for infringement contentions articulated by the Court.[2] Realtime's failure to "to point to a single piece of documentary evidence that was disclosed late and is pertinent to the amendments" undercuts Realtime's argument that it was diligent. Docket No. 506, p. 8.

### III. AMENDING THE INFRINGEMENT CONTENTIONS WILL PREJUDICE THE BLUE COAT DEFENDANTS

#### A. Realtime Seeks to Assert New Claims Against New Product Features

The Court rejected Realtime's position that it is asserting the same claims against the same products. *See* Docket No. 506, p. 15 ("If Plaintiff had filed separate lawsuits against each Defendant and was now seeking to amend as it is here, Plaintiff would be adding new patents, new claims, and new accused products to these cases"). Indeed, Realtime's amended infringement contentions assert that ProxySG infringes the '937 patent, a patent that was <u>not</u> previously asserted against ProxySG. Docket No. 573, p. 3. Furthermore, the amended contentions accuse the byte caching feature of ProxySG (of infringement), a feature not

---

party, multi-patent case in this District." Docket No. 506, p. 11.
　　[2] Judge Love held that "[i]nfringement contentions are not intended to require a party to set forth a prima facie case of infringement and evidence in support thereof…. [T]hey need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement because infringement contentions 'are not meant to provide a forum for litigation of the substantive issues.'" Docket No. 506, p. 9 (citations omitted).

previously accused of infringing any of the patents in suit. *Id.* Thus, Realtime is asserting new claims against previously unaccused features. Once again, the Court was correct.

> **B.** **The Blue Coat Defendants Relied on Realtime's Original Infringement Contentions in Formulating Their Strategy, and Will be Prejudiced if the Amendment is Allowed**

The Blue Coat Defendants submitted evidence that they relied on Realtime's original infringement contentions in:

- formulating their litigation strategy;
- performing prior art analysis and preparing invalidity reports and disclosures;
- formatting their claim construction strategy;
- prioritizing those terms to be construed and orally argued at the Markman hearing;
- prioritizing the expert analysis engaged in by the defendants' experts and consultants;
- preparing the initial expert reports regarding invalidity (which have been served);
- completing the factual and expert discovery; and
- in taking their positions in the *Markman* hearing.

These strategic decisions cannot be undone. The new asserted claims will require new invalidity searches; new prior art analyses; new claim construction; new expert analyses and reports; new discovery; and a new *Markman* hearing. Indeed, the Court found that Blue Coat will suffer "severe prejudice" if Realtime is permitted to amend its infringement contentions, "given the late stage of the proceedings." Docket No. 506, p. 14.

> **C.** **Delaying the Trial Date Does Not Alleviate the Prejudice to the Blue Coat Defendants**

Realtime wrongly asserts that the Blue Coat Defendants would not be prejudiced by allowing the infringement contentions to be amended. The positions and decisions that the Blue Coat Defendants have adopted are based on Realtime's original infringement contentions. The

Blue Coat Defendants cannot change these positions and decisions (listed above). This prejudice is not removed on account of the Court having ordered that the case be tried in phases. Factual and expert discovery based on the original contentions are complete. The proposed amendments "are significant enough that the parties would essentially have to continue litigating this case, while beginning discovery anew on the new patents, claims, and accused products." Docket No. 506, p. 16. "Plaintiff's lack of diligence in seeking leave to amend, combined with the severe prejudice Defendants would face…, outweighs the importance of allowing the proposed amendments." Docket No. 506, p. 12.

## IV.  CONCLUSION

Realtime was not diligent in amending its infringement contentions, and has only itself to blame. Realtime failed to properly investigate the publicly available information from Blue Coat's website. Realtime failed to promptly review source code and the key technical documents highlighted by Blue Coat. Realtime failed to timely move to amend its infringement contentions by delaying for 7 months. Judge Love properly considered Realtime's actions and explanations, and ruled that Realtime lacked diligence in seeking leave to amend. There is no reason for the Court to upset this finding.

Dated: October 5, 2009          Respectfully submitted,

/s/ David M. Beckwith
J. Thad Heartfield (Texas Bar No. 09346800)
Law Offices of J. Thad Heartfield
2195 Dowlen Road
Beaumont, Texas 77706
Phone: 409.866.3318
Fax:     409.866.5789
E-mail: thad@jth-law.com.

Fay E. Morisseau (Texas Bar No. 14460750)
McDERMOTT WILL & EMERY LLP
1000 Louisiana, Suite 1300
Houston, TX 77002
Phone:  713.653.1700
Fax:  713.739.7592
E-mail: fmorisseau@mwe.com

David M. Beckwith (*pro hac vice*)
McDERMOTT WILL & EMERY LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130
Phone:  858.720.3300
Fax:  858.720.7800
E-mail: dbeckwith@mwe.com

ATTORNEYS FOR DEFENDANTS
Blue Coat Systems, Inc., Packeteer, Inc.,
7-Eleven, Inc., ABM Industries, Inc., ABM
Janitorial Services –South Central, Inc., and
Build-A-Bear Workshop, Inc.

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing document was filed under seal and was served electronically on all counsel who have consented to electronic service in compliance with Local Rule CV-5(a)(7)(C). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 5th day of October, 2009.

                  /s/ David M. Beckwith
                  David M. Beckwith

SDO 168357-1.080272.0012