**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA, LLC D/B/A/ IXO,<br><br>   *Plaintiff*,<br><br> v.<br><br>PACKETEER, INC.,<br>BLUE COAT SYSTEMS, INC.,<br>CITRIX SYSTEMS, INC.,<br>EXPAND NETWORKS, INC.,<br>F5 NETWORKS, INC.,<br>7-ELEVEN, INC.,<br>ABM INDUSTRIES, INC.,<br>ABM JANITORIAL SERVICES –<br>  SOUTH CENTRAL, INC.,<br>AVERITT EXPRESS, INC.,<br>BUILD-A-BEAR WORKSHOP, INC.,<br>DHL EXPRESS (USA), INC.,<br>INTERSTATE BATTERY SYSTEM OF<br>  AMERICA, INC., AND<br>O'REILLY AUTOMOTIVE, INC.<br><br>   *Defendants*. | Civil Action No. 6:08-cv-00144-LED<br><br>**JURY TRIAL DEMANDED** |

**REALTIME DATA'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE
UNAUTHORIZED NEW INVALIDITY THEORIES FROM DEFENDANT
CITRIX'S OPENING AND REPLY BRIEFS IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,352,300**

{

## LIST OF ABBREVIATIONS

| | |
|---|---|
| '300 Patent | U.S. Patent No. 7,352,300 |
| Adler Ex. ___ | Exhibit ___ to the Declaration of Jordan S. Adler In Support Of Realtime Data's Reply In Support Of Its Motion To Strike Unauthorized New Invalidity Theories From Defendant Citrix's Opening And Reply Briefs In Support Of Its Motion For Summary Judgment Of Invalidity Of U.S. Patent No. 7,352,300 |
| Citrix | Citrix Systems, Inc. |
| Chan Ex. ___ | Exhibit ___ to the Declaration Of Andy H. Chan In Support Of Defendant Citrix Systems, Inc.'s Opposition To Realtime Data LLC's Motion To Strike Unauthorized New Invalidity Theories From Citrix's Opening And Reply Briefs In Support Of Its Motion For Summary Judgment Of Invalidity Of U.S. Patent No. 7,352,300 |
| Dye | U.S. Patent No. 7,190,284 |
| Fox 1996 | Refers to Fox et al., Adapting to Network and Client Variability Via On-Demand Dynamic Distillation, Architectural Support for Programming Languages and Operating Systems VII, at 160-170 (Oct. 1996) |
| Fox 1998 | Refers to Fox et al., Adapting to Network and Client Variation Using Infrastructural Proxies: Lessons and Perspectives |
| Gentile | U.S. Patent No. 5,504,842 |
| Realtime Data | Realtime Data, LLC |
| Tyler | U.S. Patent No. 5,638,498 |

**I.      INTRODUCTION**

Citrix's Opposition brief demonstrates that Citrix has no excuse for its disregard of the Patent Rules of this Court.  Under Citrix's distorted interpretation of those rules, a defendant need only provide in its Invalidity Contentions a list of prior art references and leave the plaintiff guessing regarding (1) whether each reference allegedly anticipates or renders obvious the asserted claims, (2) which of the thousands of possible combinations of the references allegedly render the asserted claims obvious, and (3) what the motivation to combine these references would be.  Citrix's "notice" theory is inconsistent with the express requirements of P.R. 3-3.  The Patent Rules simply do not allow Citrix to assert novel theories and combinations of references not specified in its invalidity contentions at this late stage of the litigation.

Citrix's conduct underscores the weakness of its position.  On April 21, 2009, Citrix sent Realtime Data proposed amended Invalidity Contentions that included at least some of the new theories that are the subject of this motion to strike.  *See* Adler Ex. A.  Thereafter, however, after learning that Realtime Data intended to move to amend its infringement contentions, Citrix, made a strategic decision ***not*** to file those amended contentions so that it could more effectively oppose Realtime Data's Motion.  Citrix, thus, knew months ago that its new theories required leave of the Court to amend but ***chose*** not to do so.  Citrix made its decision.  It should accept the consequences.

Finally, Citrix's accusation that Realtime Data is "retaliating" against Citrix's September 18, 2009 motion to strike is contradicted by the facts.  Realtime Data first asked the Court to strike Citrix's new invalidity arguments in Realtime Data's August 25, 2009 Opposition to Citrix's motion for summary judgment of invalidity, ***more than three weeks before*** Citrix's

1

motion to strike.[1]  (D.I. 532 at 20-22).

In sum, Citrix has no excuse for its violation of the Court's Rules, or for its delay in disclosing its new invalidity theories.  Accordingly, Realtime Data respectfully requests that the Court strike Citrix's new invalidity arguments.

## II. CITRIX'S NEW THEORIES VIOLATE P.R. 3-3

Citrix seeks to introduce two new prior art references that were never asserted against claims of the '300 patent.  Citrix contends that burying Fox 1998 and the JPEG standard[2] among the ***541 references*** in Appendix J of its Invalidity Contentions, without any explanation of how the references anticipate or render obvious the asserted claims, satisfies P.R. 3-3.  It does not.  P.R. 3-3(c) requires "a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found."  Fox 1998 and the JPEG standard do not appear in any such chart in its Invalidity Contentions, or in the Cover Chart to Appendix G of the Invalidity Contentions.  (See D.I. 532 at Ex. O at Ex. G pp. 1-6).  Including these two references in a 541 reference list with no analysis whatsoever is not notice.

Citrix also claims that its mere assertion of anticipatory references that invalidate the patents "alone or in combination with other references," together with a list of 541 references, fulfilled its obligations under the Patent Rules.  (D.I. 626 at 4).  Both the local rules and case law make clear that this is insufficient.  *See* P.R. 3-3(b) and (c).  In *Cummins-Allison Corp. v. SBM Co.*, No. 9:07-CV-196, 2009 U.S. Dist. LEXIS 22114 (E.D. Tex. Mar. 19, 2009), this Court excluded combinations of ***previously disclosed*** prior art references that were not included in

---

[1] At the recommendation of its local counsel, Realtime Data formally filed a motion to strike on September 22, 2009.  All of the substantive arguments, however, were presented in Realtime Data's August 25, 2009 filing.

[2] The "JPEG standard" reference Citrix relied on for its summary judgment arguments is ***not*** even the same JPEG reference listed among the 541 references in its Invalidity Contentions.  (D.I. 490 at Ex. 7).  Citrix's efforts to conflate the two are improper.

Defendants' Invalidity Contentions.[3]  *Id.* at *8-*9.  Citrix's argument that *Cummins-Allison* only requires Defendants to identify prior art references is contradicted by the decision's language that Citrix omitted from its brief (shown below in italics):

> The purpose of the Patent Local Rule 3-3 is to place the Plaintiff on notice of potentially invalidating art that Defendants will assert in their case and at trial. ***Mere "suggestion" does not suffice. Defendants are required to submit Invalidity Charts to provide notice of how each claim element is met. Failure to provide the specific reference that allegedly reads on a claim limitation of the '806 Patent does not place Plaintiff on sufficient notice.***

*Cummins-Allison*, 2009 U.S. Dist. LEXIS 22114, at *9.  Citrix's suggested standard would eviscerate the local rules.

Citrix's attempt to characterize its untimely introduction of Fox 1998 as "rebuttal" evidence also fails.  (D.I. 626 at 5-6).  At the time it was preparing its Invalidity Contentions, Citrix could have, but chose not to, include Fox 1998 in its charts relating to the '300 patent.  Indeed, this new theory appeared in Citrix's proposed amended invalidity contentions that it said it would file with the Court in April 2009, but decided not to.  Adler Ex. B at 1; Adler Ex. C at 21.  Citrix, however, decided to abandon the amendment in favor of opposing Realtime Data's motion to amend Infringement Contentions.  Having made a deliberate decision to abandon the amended invalidity contentions, Citrix should not be allowed to pursue its new theories now.

---

[3] Citrix's attempt to distinguish *Cummins-Allison* is misguided. (*See* D.I. 626 at 5).  The Court excluded Defendants' invalidity positions on numerous grounds.  For example, the Court excluded the combination of "the CF-400, CF-401, and De La Rue ("DLR") 3000 User Guide" because the combination of these previously disclosed references was not contained in Defendants' Invalidity Contentions.  *Cummins-Allison*, 2009 U.S. Dist. LEXIS 22114, at *8-*11.  The Court also excluded prior art references not previously disclosed.  *Id.* at *11-*12 (excluding the CF-420 reference).

Likewise, the Court in *Medtronic, Inc. v. W.L. Gore & Assocs., Inc.*, No. 06-04455, 2008 U.S. Dist. LEXIS 102860 (N.D. Cal. Dec. 9, 2009), relied on Defendant's admission that the particular invalidity theory was newly developed to reject Defendant's justification for the previously undisclosed combination that it claimed was a "species of obviousness" that it had disclosed "ad nauseum."  *Id.* at *28-*29.  Even though all three references were cited in Defendant's Invalidity Contentions, the Court excluded the undisclosed combination of these references.  *Id.*

Finally, *IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F. Supp. 2d 1133 (N.D. Cal. 2004) is inapplicable because the combinations at issue in *IXYS* were asserted in response to the Court's amended claim construction just six weeks earlier.  *See* Adler Ex. D at 10; Ex. E at 25.  Furthermore, in *IXYS* the Final Invalidity Contentions cited 28 prior art references, far fewer than the 541 references cited by Citrix in this litigation.  Adler Ex. F at Ex. 11 at 4-5.

3

Moreover, in Citrix's motion for summary judgment of invalidity, Citrix makes no pretense of asserting Fox 1998 as "rebuttal" evidence.

In addition, Citrix misrepresents Realtime Data's positions with respect to anticipation, claiming that Realtime Data would require that "every prior art passage cited to ... must be included in Citrix's invalidity contentions." (D.I. 626 at 6). This is not Realtime Data's position. As described in more detail in Realtime Data's papers in opposition to Citrix's summary judgment motion, Citrix has introduced *new* theories of anticipation, not merely "further support" for existing invalidity arguments. (*See* D.I. 532 and 591; *cf*. D.I. 626 at 7-8 (chart)). For example, Citrix claims that its argument that Gentile anticipates claims 22 and 45 are supported by "verbatim citations" in the Invalidity Contentions and in its expert report. (D.I. 626 at 6-7). The "verbatim citations," which comprise nearly two full columns of text from Gentile, 11:35-13:8, are in fact the basis for a completely *different* theory of invalidity, not the theory which Citrix now expounds. Citrix's expert report makes clear that its original Gentile anticipation theory relies on tracking the progress of the compression, which relates only to determining whether a different compression scheme should be applied. (Chan Ex. C at Ex. G-2 at 6, 14 ("progress towards achieving the target compression")). In contrast, Citrix now contends that its citations show that certain data is not compressed at all. D.I. 490 at 22.

Citrix also attempts to justify its new anticipation arguments by claiming that they are in response to "new" infringement theories advanced by Realtime Data. (*See* D.I. 626 at 8-11). Realtime Data has already explained in its previous filings that these infringement arguments are not new. (D.I. 621). In any case, Citrix does not, and cannot, explain why it did not amend its Invalidity Contentions when each of these arguments was disclosed in Dr.

4

Nathaniel Polish's June 10, 2009 expert report.[4] Citrix's counsel questioned Dr. Polish on each of these opinions during his July 22-24, 2009 deposition. (*See id.* at 5-8). Citrix knew of these opinions since June 10, 2009 and questioned Dr. Polish on July 24, 2009. Citrix, however, never sought the leave of the Court to amend its Invalidity Contentions.[5]

## III. CITRIX HAS NO EXCUSE FOR NOT SEEKING LEAVE OF THE COURT TO AMEND ITS INVALIDITY CONTENTIONS

Twice Citrix has had the opportunity to explain why it did not seek leave of the Court to amend its Invalidity Contentions. Citrix's silence on this issue demonstrates that Citrix has no justification for its disregard of the Court's Rules. P.R. 3-6 states that a party's Invalidity Contentions "shall be deemed to be that party's final contentions" unless it moves to amend. In contravention of the Rules, Citrix attempts to advance new invalidity contentions without seeking leave of the Court to amend its contentions.[6] Citrix is not prejudiced by the exclusion of these new arguments: It could have relied on the dozens of prior art items and even more invalidity theories that it has provided in its Invalidity Contentions. Citrix should not be permitted to pursue new theories at this late stage of the litigation.

## IV. CONCLUSION

For the foregoing reasons, Realtime Data respectfully requests that the Court GRANT this Motion to strike.

---

[4] Dr. Polish noted that SpeedBrowse identifies GIF type data blocks and outputs them in uncompressed form. (*See* D.I. 621 at 7-8). Dr. Polish opined that claim 36 was met by the availability of the heavyweight compression feature.[4] (*See id.* at 6-7). And Dr. Polish opined that SpeedBrowse performs JPEG compression based on the size and quality of the image. (*Id.* at 4-6).

[5] Citrix's other allegations of untimeliness are also unavailing. (D.I. 626 at 8 (chart)). Realtime Data has never argued that "selecting resolution parameters" encompasses setting a compression ratio. D.I. 530 at 18 n.9. And Citrix cannot explain why Dr. Von Herzen's opinions concerning validity, contained in his July 20, 2009 expert report, justify a new theory of anticipation of claim 47 which first appeared in Citrix's September 8, 2009 Reply. (D.I. 565 at 7).

[6] This case is distinguishable from *Fresnius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431, 2005 U.S. Dist. LEXIS 44136 (N.D. Cal. Aug. 24, 2005), where Defendant properly served Final Invalidity Contentions pursuant to the Patent Rules of the district. *Id.* at *7.

Dated: October 19, 2009    Respectfully submitted,

/s/ John F. Bufe
John F. Bufe
Texas State Bar No. 03316930
Michael E. Jones
Texas State Bar No. 10929400
Douglas R. McSwane, Jr.
Texas State Bar No. 13861300
Potter Minton
A Professional Corporation
110 North College
500 Plaza Tower
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com
       johnbufe@potterminton.com

**Of Counsel:**

Kenneth B. Herman
Patricia A. Martone
Ching-Lee Fukuda
Anthony A. Pastor
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Email: kenneth.herman@ropesgray.com

*Attorneys for Plaintiff*
    REALTIME DATA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of October 2009. Any other counsel of record will be served by first class U.S. mail on this same date.

                                               _/s/ John F. Bufe_
                                               John F. Bufe