**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **REALTIME DATA, LLC D/B/A/ IXO,**<br><br>       **Plaintiff,**<br><br>    v.<br><br>**PACKETEER, INC.,**<br>**BLUE COAT SYSTEMS, INC.,**<br>**CITRIX SYSTEMS, INC.,**<br>**EXPAND NETWORKS, INC.,**<br>**F5 NETWORKS, INC.,**<br>**7-ELEVEN, INC.,**<br>**ABM INDUSTRIES, INC.,**<br>**ABM JANITORIAL SERVICES –**<br>       **SOUTH CENTRAL, INC.,**<br>**AVERITT EXPRESS, INC.,**<br>**BUILD-A-BEAR WORKSHOP, INC.,**<br>**DHL EXPRESS (USA), INC.,**<br>**INTERSTATE BATTERY SYSTEM OF**<br>       **AMERICA, INC., AND**<br>**O'REILLY AUTOMOTIVE, INC.**<br><br>       **Defendants.** | **Civil Action No. 6:08-cv-144 LED**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CITRIX SYSTEMS, INC.'S SUR-REPLY IN OPPOSITION TO
REALTIME DATA LLC'S MOTION TO STRIKE UNAUTHORIZED NEW
INVALIDITY THEORIES FROM CITRIX'S OPENING AND REPLY
BRIEFS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF
INVALIDITY OF U.S. PATENT NO. 7,352,300**

# **LIST OF ABBREVIATIONS**

| | |
|---|---|
| Realtime's Motion | Refers to D.I. 598, Realtime's Motion to Strike Unauthorized New Invalidity Theories from Defendant Citrix's Opening and Reply Briefs in Support of Its Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,352,300, filed Sept. 22, 2009 |
| Realtime's Reply | Refers to D.I. 637, Realtime's Reply in Support of Its Motion to Strike Unauthorized New Invalidity Theories from Defendant Citrix's Opening and Reply Briefs in Support of Its Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,352,300, filed Oct. 19, 2009 |
| Citrix's Opposition | Refers to D.I. 626, Defendant Citrix's Opposition to Realtime's Motion to Strike Unauthorized New Invalidity Theories from Defendant Citrix's Opening and Reply Briefs in Support of Its Motion for Summary Judgment of Invalidity of U.S. Patent No. 7,352,200, filed Oct. 8, 2009 |
| '300 patent | Refers to U.S. Patent No. 7,352,300 |
| Tyler | Refers to U.S. Patent No. 5,638,498, entitled "Method And Apparatus For Reducing Storage Requirements For Display Data" |
| Dye | Refers to U.S. Patent No. 7,190,284, entitled "Selective Lossless, Lossy, Or No Compression Of Data Based On Address Range, Data Type, And/Or Requesting Agent" |
| Gentile | Refers to U.S. Patent No. 5,504,842, entitled "Method And Apparatus For Processing Data For A Visual Output Device With Reduced Buffer Memory Requirements" |
| CU-SeeMe | Refers to "Enhanced CU-SeeMe" user's guide and product |
| Fox 1996 | Refers to Fox et al., "Adapting to Network and Client Variability via On-Demand Dynamic Distillation," Architectural Support for Programming Languages and Operating Systems VII, at 160-170 (Oct. 1996) |
| Fox 1998 | Refers to Fox et al., "Adapting to Network and Client Variation Using Infrastructural Proxies: Lessons and Perspectives," IEEE Personal Communications (Aug. 1998) |
| JPEG standard | Refers to "CCITT T.81 Terminal Equipment and Protocols for Telematic Services – Information Technology – Digital Compression and Coding of Continuous-Tone Still Images – Requirements and Guidelines (CCITT)" |

I.      INTRODUCTION

Realtime's Motion is an attempt to turn its own improper conduct into a strategic advantage.  Realtime previously attempted to amend its infringement contentions as the parties were preparing to exchange expert reports, which the Court properly denied due to Realtime's lack of diligence and the prejudice to Citrix.  (D.I. 388, 506.)  Nevertheless, undeterred by the Court's Order, Realtime has proceeded forward with its new theories of infringement that continue to change – even to the extent of altering its expert's deposition testimony to fabricate a new theory to defeat summary judgment.  Unsatisfied with the prejudice it already caused, Realtime now seeks to preclude Citrix from responding to these unauthorized theories.  Realtime's new theories have broadened the scope of its claims to cover additional teachings of the prior art.  (D.I. 626 at 1-2, 8-13; *see* D.I. 636.)  Realtime simply cannot duck behind the Patent Rules that it has blatantly ignored even in the face of a Court Order in an attempt to avoid patent invalidation.  The rebuttal information Realtime seeks to preclude was either explicitly disclosed and charted in the Original Invalidity Contentions or relied on in response to new and broader infringement theories.  Moreover, their teachings were admittedly within the knowledge of one of ordinary skill.  Accordingly, Realtime's motion to strike should be denied.

II.     **CITRIX'S INVALIDITY THEORIES BASED ON TYLER, DYE, GENTILE, CU-SEEME AND FOX 1996 COMPLY WITH P.R. 3-3**

For over ten (10) months, Realtime has been on notice of the invalidity theories Citrix relies on in its motion for summary judgment of invalidity based on Tyler, Dye, Gentile, CU-SeeMe and Fox 1996.  Since December 8, 2008, Realtime has been in possession of Citrix's invalidity contentions, including the prior art references and the claim-by-claim and element-by-element charts detailing where specifically in each reference the elements of the asserted claims are found.  Not surprisingly, Realtime does not rebut Citrix's explanation regarding Tyler, Dye,

CU-SeeMe, or Fox 1996.  In fact, the only mention of these references (except CU-SeeMe) is in the "List of Abbreviations."  (*See* D.I. 637.)  Citrix's invalidity contentions provided Realtime with all the information required by P.R. 3-3 for these references.

Realtime's futile argument that "Citrix has introduced *new* theories of anticipation, not merely 'further support' for existing invalidity arguments" is belied by Realtime's only example in its Reply brief of a supposed new theory regarding Gentile.  (D.I. 637 at 4.)  In Citrix's Opposition, Citrix pointed out that its invalidity contentions, expert's opinion, and motion for summary judgment all rely on ***verbatim*** citations to Gentile's disclosure.  (D.I. 626 at 6-7.)  Realtime contends that Citrix had a different theory that relied on "tracking the progress of compression, which [Realtime contends] relates only to determining whether a different compression scheme should be applied." (D.I. 637 at 4.)  But that makes no sense.  The claims at issue are directed toward outputting data in ***uncompressed*** form.  Realtime fails to mention that the cited passage also states that "during this process [*i.e.* checking the progress of compression] only data associated with those areas of a page on which 'marking' occurs is stored."  In other words, if there is not adequate progress, then data is output in uncompressed form.  Despite Citrix's consistent disclosure that Gentile discloses the "outputting said data block in uncompressed form" element of claims 22 and 45 at 11:35-13:8, Realtime now seeks to ignore Citrix's full disclosure of Gentile, manufacture an invalidity theory inconsistent with the claim language, interpret Gentile's disclosure out of context, and evade Gentile's explicit teachings.  (D.I. 637 at 4.)  Citrix's disclosure that Gentile anticipates claims 22 and 45 fully complies with P.R. 3-3 and is consistent with its invalidity contentions and expert's report.  (D.I. 626 at 7.)

### III.     REALTIME'S NEW INFRINGEMENT THEORIES ENCOMPASS ADDITIONAL DISCLOSURE IN THE PRIOR ART

Realtime seeks to broaden the scope of its claims to try to encompass Citrix's products by

alleging new infringement theories.  (*See* D.I. 585, 636.)  At the same time, with its motion to strike, Realtime improperly seeks to use the Patent Rules to conceal the explicit teachings of the prior art, that these new infringement theories read on the prior art.  "The Patent Local Rules recognize and enforce the truism that patentees who seek broad claim constructions to argue for infringement may see their claims invalidated in view of the prior art."[1]  As Realtime attempts to expand the scope of its claims to try to encompass Citrix's products, more and more disclosure in the prior art is also encompassed, including Fox 1998 and the JPEG standard.

> A. **Realtime's New Theory of "Data Type" In View of Claims 22 and 45 Encompasses the Teachings of Fox 1998**

Realtime's expert, Dr. Polish, originally defined the term "data type" as "something that can be used to classify a piece of data so as to determine how to compress it."  (D.I. 626 at 1-2.)  This led him to the conclusion at his deposition that JPEG images were a "data type," but GIF images were ***not*** a "data type."  (D.I. 626 at 2; D.I. 656 at 3-4.)  Dr. Polish later attempted to recant his testimony to broaden his definition of "data type" to include GIF images as a data type (D.I. 626 at 2) and to contend that claims 22 and 45 are met by outputting compressed GIF images over XenApp™ SpeedBrowse.  (D.I. 636 at 3-4; D.I. 627 at 5.)  But Realtime's new theory is encompassed by the teachings of the prior art.  For example, Fox 1998 teaches that "objects of unsupported types are passed through to the user unaltered."[2]  (D.I. 490 at 22.)  Under Realtime's original definition that data types are only classified based on how to compress, the "unsupported types" in Fox 1998 would not meet Dr. Polish's definition, just as

---

[1] *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA (EDL), 2005 U.S. Dist. LEXIS 44136, at *8-9 (N.D. Cal. Aug. 24, 2005) (citing *Mobil Oil Corp. v. Filtrol Corp.*, 501 F.2d 282, 284 (9th Cir. 1974)).

[2] Realtime's reference to a purported "proposed amended invalidity contentions" to support its argument that Fox 1998 is not "rebuttal" evidence is misplaced.  (D.I. 637 at 3.)  The "proposed amended invalidity contentions" were in response to Realtime's unauthorized infringement contentions (*id.*) that were ultimately precluded by the Court.  (*See* D.I. 388, 506.)  Now, Realtime again seeks to introduce new infringement theories that encompass the teachings known to one of ordinary skill in the art. (D.I. 626 at 1-2.)

Dr. Polish testified GIF images are not data types in the context of XenApp™. Under Dr. Polish's new definition that now includes GIF images in XenApp™, the Fox 1998 unsupported types are directly on point. Realtime cannot credibly argue that it can expand its claim construction and infringement theory, yet quell any rebuttal by Citrix. Moreover, Fox 1998 was within the knowledge of one of ordinary skill the time of the '300 patent and directly rebuts Realtime's contention that a person of ordinary skill would not output data in uncompressed form if practicing Fox 1996. (D.I. 626 at 5-6, 12.)

    **B.    Realtime's New Theory of "Desirability Factor" In View of Claim 36 Encompasses the Teachings of the JPEG Standard**

Realtime's original infringement contentions clearly identified the ***"Determine when to compress option"*** of ***SpeedScreen Browser Acceleration*** as the feature of Citrix XenApp™ that Realtime alleges performs the step described in claim 36. (*See* D.I. 636 at 1-3.) Now, Realtime changes its theory and contends that the "desirability factor" step is met by an entirely different feature of XenApp™ – Heavyweight Compression. (*Id.*) Realtime's new theory that XenApp™ meets the element of claim 36 by a user selecting the "heavyweight" option from an off-the-shelf JPEG encoder broadens the scope of claim 36 to cover a standard function of a JPEG encoder. The fact that Realtime disclosed heavyweight compression in conjunction with a different element in claim 19 ("analyzing a data block to determine a data type") does not put Citrix on notice that heavyweight compression meets the unique elements of claim 36. Moreover, Realtime's own expert, Dr. Von Herzen, relies on the JPEG standard to support his opinions. (D.I. 626, Ex. B at 8, 214.) Realtime cannot rely on the JPEG standard to support its validity arguments, yet seek to preclude Citrix from relying on it to rebut the Realtime's new theory.

**IV.    REALTIME'S FLAWED APPLICATION OF P.R. 3-3 IMPROPERLY ELEVATES FORM OVER SUBSTANCE**

Realtime contends that Fox 1998 and the JPEG standard do not satisfy P.R. 3-3 because

they "do not appear in any such chart in [Citrix's] Invalidity Contentions." (D.I. 637 at 2.) Realtime's argument is misplaced because it improperly elevates form over substance.[3] "The purpose of the Patent Local Rule is to place the Plaintiff *on notice of potentially invalidating art* that Defendants will assert in their case and at trial."[4] For example, in *IXYS Corp. v. Advanced Power Tech., Inc.*, 321 F. Supp. 2d 1133, 1153 n.19 (N.D. Cal. 2004), plaintiff argued that defendant's invalidity arguments violated P.R. 3-3, but the court allowed invalidity arguments based on combinations of prior art not enumerated in the defendant's invalidity contentions where the plaintiff had "long been on notice of" the pertinent prior art.[5] Similarly, in this case, Realtime cannot deny awareness of Fox 1998 and the JPEG standard. First, Realtime concedes that Fox 1998 and the JPEG standard were disclosed in Citrix's invalidity contentions. (D.I. 637 at 2.) Second, the teachings of Fox 1998 and the JPEG standard are admittedly within the knowledge of one of ordinary skill. Third, Citrix merely relies on Fox 1998 and the JPEG standard to rebut Realtime's ever-changing infringement theories and demonstrate how the prior art teaches precisely what Realtime is now asserting. Thus, Citrix's invalidity arguments should not be stricken.

## V.   CONCLUSION

For the foregoing reasons and the reasons set forth in Citrix's Opposition (D.I. 626), Citrix respectfully requests that Realtime's motion to strike (D.I. 598) be DENIED.

---

[3] *See Cummins-Allison Corp. v. SBM Co.*, No. 9:07-196, 2009 U.S. Dist. LEXIS 22114, at *13-14 (E.D. Tex. Mar. 19, 2009) (noting that P.R. 3-3(c) functions to give a party notice and the court will not use the requirement of a claim chart as a purely procedural bar when the Plaintiff was placed on notice).

[4] *Id.* at *9 (emphasis added). Realtime's attempt to analogize the facts of *Cummins-Allison* with the present case is unavailing. The facts demonstrate that Realtime's new claim interpretations encompass the teachings of Fox 1998 and the JPEG standard, which were known to one of ordinary skill in the art. (*See* D.I. 626 at 11-12.)

[5] *See also Lexar Media, Inc. v. Pretec Elecs. Corp.*, No. C00-04770 MJJ, 2007 U.S. Dist. LEXIS 32825, at *3 (N.D. Cal. Apr. 18, 2007) (preventing defendants from asserting these defenses elevates form over substance).

Dated:  October 30, 2009

Respectfully submitted,

By: /s/ Gregory S. Bishop
Gerald P. Dodson
CA State Bar No. 139602
GDodson@goodwinprocter.com
Erica D. Wilson
CA State Bar No. 161386
EWilson@goodwinprocter.com
Gregory S. Bishop
CA State Bar No. 184680
GBishop@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, California  94025
Tel.:  650.752.3100
Fax:  650.853.1038

David J. Goldstone
MA State Bar No. 628866
DGoldstone@goodwinprocter.com
Goodwin Procter LLP
53 State Street
Boston, MA  02109-2881
Tel:  (617) 570-1000
Fax: (617) 523-1231

Neil J. McNabnay
njm@fr.com
Texas Bar No. 24002583
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

Counsel for Defendant and Counterclaim Plaintiff
CITRIX SYSTEMS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed under seal and was served electronically on all counsel who have consented to electronic service in compliance with Local Rule CV-5(a)(7)(C). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this 30th day of October, 2009.

          /s/ Gregory S. Bishop
          Gregory S. Bishop