IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 6:08-cv-144-LED-JDL |
| PACKETEER, INC., | § § | |
| BLUE COAT SYSTEMS, INC., | § | |
| CITRIX SYSTEMS, INC., | § | JURY TRIAL DEMANDED |
| EXPAND NETWORKS, INC., | § | |
| F5 NETWORKS, INC., | § | |
| 7-ELEVEN, INC., | § | |
| ABM INDUSTRIES, INC., | § | |
| ABM JANITORIAL SERVICES – SOUTH CENTRAL, INC., | § § | |
| AVERITT EXPRESS, INC., | § | |
| BUILD-A-BEAR WORKSHOP, INC., | § | |
| DHL EXPRESS (USA), INC., | § | |
| INTERSTATE BATTERY SYSTEM OF AMERICA, INC., AND | § § | |
| O'REILLY AUTOMOTIVE, INC., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Realtime Data, LLC d/b/a IXO's ("Realtime") Motion to Strike Unauthorized New Invalidity Theories from Defendant Citrix's Opening and Reply Briefs in Support of its Motion for Summary Judgment of Invalidity (Doc. No. 598) ("Motion"). Defendant Citrix Systems, Inc. ("Citrix") has filed an Opposition to Realtime's Motion to Strike (Doc. No. 626) ("Response"), as well as a Sur-reply (Doc. No. 667) ("Surreply"). Realtime has also filed a Reply in support of its Motion (Doc. No. 637) ("Reply"). The Court held a hearing on this Motion on

1

December 3, 2009. Having fully considered the parties' arguments, Plaintiff's Motion to Strike is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND and PARTIES' CONTENTIONS

In a timeline discussed at the December 3rd hearing, the parties agreed that Defendants' Joint Preliminary Invalidity Contentions were served on December 8, 2008. On April 21, 2009, Citrix emailed Realtime its proposed amendments to its invalidity contentions for the '300 patent. Despite these amendments, Citrix never moved for leave to amend. Expert reports for this case were exchanged in June 2009 and expert rebuttal reports were due in July 2009. The majority of expert depositions were taken throughout this same period in June and July of 2009. Realtime served its "final" infringement contentions on July 8, 2009.[1] On August 25, 2009, Citrix filed its Motion for Summary Judgment of Invalidity of the '300 patent (Doc. No. 490). Realtime argues that Citrix presents invalidity theories and/or combinations of prior art references in its Motion for Summary Judgment that were not charted or otherwise disclosed in its December 8, 2009 invalidity contentions. MOTION at 1.

In the Motion now before the Court, Realtime seeks to exclude invalidity theories and/or combinations of prior art references that were not found in Citrix's invalidity contentions. MOTION at 1. The instant dispute asserts that the summary judgment theories did not comply with the Local Rules (Patent Rule 3-3), preventing Realtime from preparing rebuttal expert reports or deposing Citrix's expert as to the combinations of prior art references that appeared in the summary judgment briefing. MOTION at 9. Specifically, Realtime alleges that Citrix is attempting "to introduce new

---

[1] In a Motion to Strike that the Court recently denied (Doc. Nos. 585, 703), Citrix contested that Realtime had served infringement contentions that were consistent with the Court's previous August 18, 2009 Order (Doc. No. 506) that Realtime only be allowed to rely upon its "original" infringement theories. *See* Doc. No. 585 at 2–3.

theories of invalidity, new combinations of references, and even previously undisclosed references," and in doing so, knowingly disregards the express requirements of Patent Rule 3-3(b). *Id* at 10. Additionally, Realtime offers that Citrix unnecessarily delayed in making its invalidity theories known to Realtime and failed to move for leave to amend the Citrix invalidity contentions served in December 2008. *Id*. at 1–2. Consequently, Realtime argues that is has been prejudiced by unnecessary delay and by Citrix's violation of the Local Rules. MOTION at 2.

Citrix opposes Realtime's characterization of the alleged changes made to its invalidity theories. Citrix primarily argues that Realtime has been "on notice" of all the disputed theories since December 2008 (the date upon which invalidity contentions were served), and that any amendments have been a necessary response to "Realtime's ever-changing infringement contentions." RESPONSE at 1. The Court previously determined that Realtime would be allowed to "reevaluate the evidence" in support of its infringement contentions, and using this rationale, Citrix also suggests that it is entitled to make changes that are supportive of its invalidity contentions despite failing to seek leave of the Court to do so. *Id*.

Citrix also goes to great lengths to detail the "notice" that it has provided Realtime throughout the proceedings leading up to the Motion to Strike. Citrix suggests that despite not enumerating the disputed prior art combinations in its invalidity contentions, Realtime cannot deny awareness of these references and Citrix further argues that the corresponding teachings are "admittedly within the knowledge of one of ordinary skill." SURREPLY at 5. Citing other instances where uncharted prior art references have been admissible at trial, Citrix maintains that Realtime "improperly elevates form over substance." *Id*.

3

**LEGAL STANDARD**

Pursuant to Rule 83 of the Federal Rules of Civil Procedure, this Court has adopted Local Patent Rules to assist with case management in patent cases. Fed. R. Civ. P. 83; *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp.2d 819, 821 (E.D. Tex. 2007) (Clark, J.) (recognizing adoption of Local Patent Rules as valid exercise of a court's authority). As several courts have pointed out, the purpose of the Local Rules, generally, is to "further the goal of full, timely, discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Cummins-Allison Corp. v. SBM Co.*, No. 9:07-cv-196, 2009 763926, at *1 (E.D. Tex. March 19, 2009); *Finisar Corp. v. DirecTV Group, Inc.*, 424 F. Supp.2d 896, 901 (E.D. Tex. 2006) (citation omitted) (noting that the goals of the Local Patent Rules include providing adequate notice and information to all parties and ensuring full, timely discovery); *IXYS Corp. v. Advanced Power Tech., Inc*., 2004 WL 1368860, at * 3 (N.D. Cal. June 16, 2004).

The purpose of Patent Rule 3-3 is to place the Plaintiff on notice of potentially invalidating art that Defendants will assert in their case and at trial. *See Cummins-Allison Corp*., 2009 WL 763926, at *4. Patent Rule 3-3 requires, in relevant part, that a Defendant: (1) the identity of each item of prior art, (2) whether each item of prior art anticipates or renders obvious each asserted claim, (3) the identity of the combination of items of prior art that makes a claim obvious and the motivation to combine such terms, and (4) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found. *See* P.R. 3-3 (a)–(d). Judge Clark has pointed out that "mere suggestion" does not suffice and defendants are required "to submit invalidity charts to provide notice of how each claim element is met." *See Cummins-Allison Corp*., 2009 WL

763926, at *4 (holding that failure to provide the specific claim reference that reads on a claim limitation does not place Plaintiff on sufficient notice).

**DISCUSSION**

Within both parties' arguments surrounding this Motion, are important distinctions among the disputed prior art references and the disputed combinations of references that are relied upon in the Citrix Motion for Summary Judgment of Invalidity. Based on the representations made to the Court and a review of the exhibits supporting Citrix's dispositive motion, there appear to be two categories of prior art references that require discussion. First, there are a group of references which Citrix charted individually in its invalidity contentions, but did not expressly chart the *combinations* it would later rely upon.[2] The Court will collectively refer to these prior art references as "the Tyler Group," which includes: Tyler, Dye, Gentile, CU-SeeMe, and Fox 1996.[3] Second, there are two references which Citrix never charted— as required by the Local Rules— but are now relied upon

---

[2] More specifically, for some of the prior art references, Citrix charted them to support obviousness arguments and then later used them at summary judgment for anticipation purposes. The Court is aware of Realtime's argument that Citrix did not appropriately address all claims being litigated for each prior art reference. For example, Realtime maintains that (1) Citrix did not chart Fox 1996 as an anticipation reference for claims 22, 36, 45, or 47, and (2) Citrix did not chart Tyler as an anticipation reference for claims 22 and 45. MOTION at 3 (chart), 5; REPLY at 4. Although Citrix's adherence to the Local Rules for these references falls short of P.R. 3-3's requirements, for the sake of resolving this dispute in a comprehensible and equitable manner, the Court will consider these references sufficiently charted to strictly serve a notice function.

[3] As identified in the parties' briefing:
(1)  "Tyler" refers to U.S. Patent No. 5,638,498, entitled "Method and Apparatus For Reducing Storage Requirements For Display Data."
(2)  "Dye" refers to U.S. Patent No. 7,190,284, entitled "Selective Lossless, Lossy, Or No Compression Of Data Based On Address, Range, Data Type, And/Or Requesting Agent."
(3)  "Gentile" refers to U.S. Patent No. 5,504,842, entitled "Method And Apparatus For Processing Data For A Visual Output Device With Reduced Buffer Memory Requirements."
(4)  "CU-SeeMe" refers to "Enhanced CU-SeeMe" user's guide and product.
(5)  "Fox 1996" refers to Fox et al., "Adapting to Network and Client Variability via On-Demand Dynamic Distillation," Architectural Support for Programming Languages and Operating Systems VII, at 160–170 (Oct. 1996).

5

in its Motion for Summary Judgment. The Fox 1998 and the JPEG standard references[4] were instead listed in an Appendix attached to Citrix's invalidity contentions, along with over 500 other references.[5] In the original contentions served in December 2008 there was no explanation as to how these two references anticipate or render obvious the asserted claims.[6]

### 1. The Fox 1998 and JPEG Standard Prior Art References

First, considering the Fox 1998 and JPEG standard prior art references, the Court finds that invalidity theories relying upon these references violate the express requirements and underlying purpose of Patent Rule 3-3. These references are therefore stricken from consideration at summary judgment and trial because these references do not appear in any invalidity chart and have not been identified claim-by-claim or element-by-element. The Court rejects Citrix's argument that Realtime should have been "on notice" based on the following disclosures: (1) an Appendix attached to its invalidity contentions, (2) language in its invalidity contentions in which Citrix reserves the right to combine Appendix J references, RESPONSE at 4, and (3) the knowledge of one of ordinary skill in the art. *See* SURREPLY at 5. Both the Local Rules and case law make it clear that this is insufficient. P.R. 3-3(b) and (c); *Cummins-Allison Corp.*, 2009 WL 763926, at *4. To the contrary, this type of disclosure cannot serve as sufficient notice because Citrix disclosed over 500 prior art references in

---

[4] As identified in the parties' briefing:
(1) "Fox 1998" refers to Fox et al., "Adapting to Network and Client Variation Using Infrastructural Proxies: Lessons and Perspectives," IEEE Personal Communications (Aug. 1998).
(2) "JPEG standard" refers to "CCITT T.81 Terminal Equipment and Protocols for Telematic Services – Information Technology – Digital Compression and Coding of Continuous-Tone Still Images –6 Requirements and Guidelines (CCITT)."

[5] Realtime states that Fox 1998 and the JPEG standard prior art references were pulled from among 541other references attached in Appendix J of the Citrix invalidity contentions. Based on the arguments presented to the Court, it does not appear that Citrix disputes this number. *See* REPLY at 2.

[6] Citrix offers that its late disclosure of these particular theories was an attempt to rebut the changed testimony of Dr. Nathaniel Polish regarding the definition of "data type." *See* SURREPLY at 3–4.

Appendix J,[7] resulting in an impossibly high number of combinations to reasonably serve the notice function contemplated by the Patent Rules. Further, the purpose of the Patent Rules is to avoid reliance on the amorphous knowledge of one of ordinary skill in the art. *See Finisar*, 424 F. Supp.2d at 898 (discussing the motives of each party regarding the disclosure of potentially invalidating prior art). Consequently, Citrix was required to submit charts for any asserted prior art reference providing notice as to how each claim element is met – claim-by-claim and element-by element. *Id*. at 899. If Citrix intended to rely upon these references at trial, it should have moved for leave to amend its invalidity contentions as soon as the need for these references arose. While the Court is aware that the errata sheet submitted to amend Dr. Polish's deposition testimony may have presented an obstacle to finalizing Citrix's invalidity theories,[8] the Court expects a defendant to seek relief from the Court instead of disregarding the Local Rules. Thus, to the extent the Realtime moves to Strike the Fox 1998 and JPEG standard references, the Motion is **GRANTED**.[9]

## 2.  The Tyler Group Prior Art References

Next considering the Tyler Group, the Court finds that the invalidity contentions charting individual references and the corresponding expert reports sufficiently notified Realtime that these references would be asserted at summary judgment and trial. Accordingly, the Tyler group will be

---

[7] The Court recognizes that this number is based on a list of prior art references that was originally intended to address a significantly larger number of claims. Pursuant to the Court's Order (Doc. No. 432), Realtime elected to bring only four claims from one patent against Citrix in January 2010, with the remainder of the asserted claims being held in abeyance. *See* Doc. No. 435. Despite narrowing the number of relevant references, however, the Court finds that it remains difficult, if not impossible, to assess which combinations Citrix intends to assert against the specific claims at issue here.

[8] The errata sheet submitted by Realtime to correct Dr. Polish's deposition testimony was the subject of a previous Motion. *See* Doc. Nos. 606, 709.

[9] The Court notes that this ruling does not go the admissibility of Fox 1998 and the JPEG standard prior art references for purposes of impeachment.

admissible for invalidity purposes, including arguments made under 35 U.S.C. §§ 102 and 103. As noted previously, however, the Court rejects Citrix's argument that a defendant has the ability to rely upon language in its invalidity contentions and/or expert report stating that it effectively reserves the right to assert obviousness combinations from any of the prior art references that appear in its invalidity contentions. *See* RESPONSE at 11 (citing language stating that any document or product anticipating an asserted claim can also be used to render that claim obvious when "viewed alone or in combination with other prior art references"). Similar to the problems discussed with the notice arguments Citrix made for the Fox 1998 and JPEG references, the Court does not find that reserving the right to combine any charted prior art references offers a plaintiff sufficient notice to adequately rebut a defendant's largely undisclosed invalidity theories. Language preserving a defendant an opportunity to later rely upon undisclosed combinations does not "clearly suggest" the combination in the manner required by Patent Rule 3-3. *See Cummins-Allison Corp.*, 2009 WL 763926, at \*3–\*4; *Saffran v. Johnson and Johnson*, No. 2:07-cv-451, 2009 U.S. Dist. LEXIS 19615, at \*4 (E.D. Tex. Feb. 24, 2009). Again, like the stricken references (Fox 1998 and JPEG standard), the Court finds that timely moving for leave to amend could have remedied the problems Citrix now faces in introducing these references at summary judgment and trial.

Thus, to the extent Realtime moves to strike the Tyler Group references, the Motion is **DENIED**. However, due to Citrix's failure to follow P.R. 3-3 and in the interest of narrowing this case to a manageable number of prior art references, Citrix is limited to asserting no more than five obviousness combinations. Citrix is **ORDERED** to (1) identify these combinations by **December**

**11, 2009**[10] and (2) to serve its amended invalidity contentions, incorporating these combinations pursuant to P.R. 3-3, by **December 15, 2009**.[11]

## CONCLUSION

For all the foregoing reasons, Defendants' Motion to Strike Citrix's Invalidity Theories is **GRANTED-IN-PART** and **DENIED-IN-PART**.

After weighing the parties' arguments and supporting evidence, the Court finds that further limited discovery is warranted to allow Realtime an opportunity to adequately rebut the combinations that Citrix asserted at summary judgment but were not in compliance with the requirements of the Local Rules. Accordingly, if requested, the Court **ORDERS** that Citrix make Dr. Storer available for two hours of deposition addressing any of Citrix's prior art *combinations* that include the Tyler Group references. Dr. Storer will be made available in New York City at the offices of Realtime's counsel and this additional deposition should be completed no later than **December 23, 2009**.[12] To the extent that Realtime needs to supplement its expert rebuttal report following this final deposition, it retains the opportunity to do so. If such a need arises, Realtime should serve a supplemental expert rebuttal report on Defendants no later than **January 3, 2010**.

---

[10] These combinations may include Tyler Group references or references that were otherwise charted in the December 8, 2008 invalidity contentions.

[11] The total number of invalidating references that can be asserted by each Defendant at trial will be taken up in conjunction with Realtime's Motion to Limit the Number of Prior Art References to be Asserted at Trial (Doc. No. 729) at the Pre-Trial Conference on December 17, 2009. Whether Citrix will be allowed to actually assert these combinations at trial will be determined as a part of that Motion.

[12] Each party will continue to incur their own costs as directed in the Order addressing an additional deposition of Dr. Charles Mahla. *See* Doc. No. 673.

**So ORDERED and SIGNED this 8th day of December, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE