IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| REALTIME DATA, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 6:08-cv-144-LED-JDL |
| PACKETEER, INC., | § § | |
| BLUE COAT SYSTEMS, INC., | § | |
| CITRIX SYSTEMS, INC., | § | JURY TRIAL DEMANDED |
| EXPAND NETWORKS, INC., | § | |
| F5 NETWORKS, INC., | § | |
| 7-ELEVEN, INC., | § | |
| ABM INDUSTRIES, INC., | § | |
| ABM JANITORIAL SERVICES – SOUTH CENTRAL, INC., | § § | |
| AVERITT EXPRESS, INC., | § | |
| BUILD-A-BEAR WORKSHOP, INC., | § | |
| DHL EXPRESS (USA), INC., | § | |
| INTERSTATE BATTERY SYSTEM OF AMERICA, INC., AND | § § | |
| O'REILLY AUTOMOTIVE, INC., | § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Realtime Data, LLC d/b/a IXO's ("Realtime") Motion to Limit the Number of Prior Art References to be Asserted at Trial (Doc. No. 729) ("Motion"). Defendants have filed separate Responses opposing this Motion: Citrix System, Inc.'s ("Citrix") Response (Doc. No. 747) ("Citrix Response"), Expand Networks' ("Expand") Response (Doc. No. 748) ("Expand Response"), and Blue Coat Systems, Inc.'s ("Blue Coat") Response (Doc. No. 749) ("Blue Coat Response"). The Court held a hearing on this Motion on December 17, 2009. Having fully

1

considered the parties' arguments, Plaintiff's Motion to Strike is **GRANTED-IN-PART** and **DENIED-IN-PART**, as instructed at the hearing.

## THE PARTIES' CONTENTIONS

In preparation for trial, Realtime moves for Defendants to limit their asserted prior art references "to a number reasonable for trial presentation" so that Realtime will not be left guessing as to which prior art assertions it will have to respond to at trial. MOTION at 1. Plaintiff will be asserting 7 claims from 3 patents and it asks the Court to order Defendants to identify no more than 4 references per asserted claim when arguing invalidity under 35 U.S.C. §§102 and 103.

In their respective Responses to this Motion each Defendant has identified a group of primary prior art references that it has charted in its Invalidity Contentions and further discussed in expert reports and expert depositions. All Defendants maintain that Realtime has been on sufficient notice of these prior art references and Defendants intend to rely upon them at trial. Furthermore, in light of specific identifications of primary prior art references that occurred in response to the instant Motion, Defendants argue that the number of references has already been adequately narrowed for trial presentation.

## CONCLUSION

As instructed at the December 17th hearing, the Realtime Motion is **GRANTED** to the extent that for invalidity under 35 U.S.C. §§102 and 103, Defendants will be limited at trial to the primary prior art references identified in Defendants' briefing.[1] The Motion is **DENIED** as to further limiting

---

[1] The primary prior art references identified in Defendants briefing are attached in an Appendix to this Order.

Defendants to describe the state of the art for the jury.[2] The Court further declines to limit any Defendant to Realtime's request of no more than 4 prior art references per asserted claim.

Furthermore, as agreed by the parties at the hearing, Defendants will disclose the obviousness combinations that they intend to use to demonstrate obviousness under 35 U.S.C. §§103. Therefore, Expand and Blue Coat are **ORDERED** to identify no more than five obviousness combinations to Plaintiff Realtime by **December 22, 2009.**[3] Finally, the Court notes that in the context of trial, Defendants are not artificially limited to only the prior art references listed in the Appendix, but the Court does not foresee that there will be a need to go beyond these primary references when putting on an invalidity case.

**So ORDERED and SIGNED this 21st day of December, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants are permitted to refer to prior art, generally, to describe the state of the art for the jury.

[3] Citrix was previously ordered to make an identical disclosure in the Court's December 8, 2009 Memorandum Opinion and Order (Doc. No. 742). The Notice of Citrix's obviousness combinations was filed on December 11, 2009 (Doc. No. 752).

# APPENDIX

Based on the parties' submissions, the Court finds the primary prior art references to be as follows:

**(1)** **Citrix Primary Prior Art References**. *See* CITRIX RESPONSE at 4–5.

- U.S. Patent No. 5,638,498 ("Tyler").

- U.S. Patent No. 5,504,842 ("Gentile").

- U.S. Patent No. 7,190,284 ("Dye").

- U.S. Patent No. 5,805,932 ("Kawashima").

- Summers, "The Official Microsoft NetMeeting Book," Microsoft Press (1998).

- Fox et al., "Adapting to Network and Client Variability via On-Demand Dynamic Distillation," Architectural Support for Programming Languages and Operating Systems VII, at 160–170 (Oct. 1996) ("Fox 1996").

- Howard, et al., "Emerging JBIG2 Standard," IEEE Transactions On Circuits And Systems For Video Technology, Vol. 8, No. 7, Nov. 1998 ("JBIG2").

- "Enhanced CU-SeeMe" and "CU-SeeMe Pro" user's guide and/or Products ("CU-SeeMe").[4]

- NeMeeting Products.

**(2)** **Blue Coat Primary Prior Art References**. *See* BLUE COAT JOINT PRE-TRIAL ORDER (Doc. No. 698) at 32–33.

---

[4] Intended to collectively include the Prior Art Systems and Products detailed in the Citrix Response. *See* CITRIX RESPONSE at 5.

- Magstar and IBM High Performance Tape Subsystem Technical Guide.
- U.S. Patent No. 4,956,808 ("Aakre").
- T. Welch, "A technique for High-Performance Data Compression" ("Welch").
- U.S. Patent No. 4,593,324 ("Ohkubo").
- U.S. Patent No. 6,028,725 ("Blumenau").
- K. Baker et al., "Lossless Data Compression for Short Duration 3D Frames in Positron Emission Tomography," 1994 ("Baker").
- J.-M. Cheng et al., A Fast, Highly Reliable Data Compression Chip and Algorithm for Storage Systems ("Cheng").
- Seagate Sidewinder 50 Product Manual ("Sidewinder").
- G. Held et al., "Data Compression: Techniques and Applications, Hardware and Software" ("Held").
- Data Sheet LZS221-C: Version 6 Data Compression Software.
- Data Sheet LZS221-386: Version 5.2 Data Compression Software.
- Data Sheet MPPC-C: Version 4 Data Compression Software.
- Data Sheet MPPC-386: Version 6 Data Compression Software.

**(3) Expand Primary Prior Art References**. *See* EXPAND RESPONSE, EXH. A.

- U.S. Patent No. 5,945,933 ("the Expand Patent").
- K. Baker et al., "Lossless Data Compression for Short Duration 3D Frames in Positron Emission Tomography." 1994 ("Baker").
- Bassiouni, "A Scheme for Data Compression in Supercomputers," 1988

("Bassiouni").

- U.S. Patent No. 5,150,430 ("Chu 430").

- U.S. Patent No. 7,190,284 ("Dye").

- U.S. Patent No. 5,410,671 ("Elgamal").

- U.S. Patent No. 5,729,228 ("Franaszek").

- U.S. Patent No. 5,809,176 ("Yajima").

Should the parties believe any other primary prior art references to be within the scope of the references *discussed* at the December 17, 2009 hearing, and therefore included in those references that Defendants may rely upon at trial, the parties should filed a Notice with the Court by **December 29, 2009**. Such a Notice should include a proposed Order to amend the Appendix provided herein.